■ JUNIUS S. MORGAN, Respondent, v. CITY OF GLEN COVE, Appellant.— In an action pursuant to article 15 of the Real Property Law to determine adverse claims to a strip of real property on the easterly side of West Island in the city of Glen Cove, the appeal is from a judgment entered after trial before the court without a jury adjudging that respondent is the owner in fee of the strip and barring appellant therefrom. Judgment affimed, with costs. Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, Acting P. J., dissents and votes to reverse the judgment and to dismiss the amended complaint, and to direct judgment for appellant on its counterclaim, with the following memorandum: This is an action pursuant to article 15 of the Real Property Law to determine title to a roadway along the east side of West Island in the city of Glen Cove, Nassau County, for a distance of approximately 550 feet southerly from Long Island Sound. In my opinion, appellant has title to the roadway by virtue of an order made September 9, 1861 by the commissioners of highways of the Town of Oyster Bay, ascertaining, describing, and entering of record the roadway in question, which is accurately described therein by courses for almost its entire present length. The order may not be collaterally attacked in this action. (*Porter* v. *Purdy,* 29 N. Y. 106, 110; *Van Steenbergh* v. *Bigelow,* 3 Wend. 42, 46.) In any event, respondent has not presented any proof to show that the order was not valid. The record does not show that respondent has title to the disputed roadway. He claims title as successor in interest to one Dana, who in 1896 was granted a patent by the State of New York of 9.27 acres of land under water. While the patent included the greater part of the roadway in question, which was then under water. it does not appear that the State had title to the roadway which it could convey to Dana. Whether the State had title depends on whether the roadway was then under the waters of Long Island Sound or under the waters of Dosoris Creek. If it was under the waters of the sound, the State had title. If it was under the waters of the creek, then the Town of Oyster Bay (and not the State) had title by virtue of the 1677 Andros Patent. (*Tiffany* v. *Town of Oyster Bay,* 209 N. Y. 1, 7–8.) Examination of the exhibits in evidence, including the maps submitted by Dana in support of his application for the patent, shows conclusively that the roadway was under the waters of the creek, and not under the waters of the sound. The determination in *People ex rel. Underhill* v. *Saxton* (15 App. Div. 263, affd. 154 N. Y. 748) that the State properly granted the land under water to Dana is not *res judicata* as against the appellant for several reasons: (a) that was a certiorari proceeding to review the action of the Commissioners of the Land Office of the State of New York who granted the patent, but the commissioners did not have jurisdiction to determine the question of title, (b) the question of title to the roadway was not involved in that proceeding. The only pertinent question disputed was whether the 9.27 acres deeded to Dana were in Hempstead Harbor or in Long Island Sound. The court did not determine that the land was in the sound. It merely determined that, assuming that the land was in the harbor, the Town of Oyster Bay had no title thereto. Whether

the disputed roadway was under the waters of Long Island Sound or under the waters of Dosoris Creek was not there involved, and (c) it was not until 1925 that actions against the State to determine adverse claims of title were authorized. (*Helterline* v. *People*, 295 N. Y. 245, 253.)