■   COUNTY OF ERIE, Appellant, v JAMES A. BOURNE et al., Respondents, et al., Defendant.—Order unanimously reversed, without costs, and motion granted. Memorandum: Petitioner-appellant, County of Erie, appeals from an order which denied its motion to amend its petition for condemnation of an easement over respondent's property for sewer purposes. The application was made by notice of motion served on October 27, 1975 following a preliminary order of condemnation granted on June 14, 1974 and the exchange of appraisals which were completed October 14, 1975. The original petition by the County of Erie sought to condemn an easement across the land of James and Alice Bourne on Sweetland Road, Derby, New York. Parcel A-543, the public use for which the easement is sought is described in the petition for condemnation: "for sewer purposes, as authorized in Article 5-A of the County Law, and Section 74 of the General Municipal Law, namely for the construction, reconstruction, operation and maintenance of sewers, pumping stations, sewage treatment and disposal works and necessary appurtenances within the aforesaid sewer district; and that the lands and interests therein hereinbefore described and sought to be acquired are to be used for sewer purposes by the County of Erie." The map attached to the petition described a 30-foot permanent easement and a 30-foot temporary easement over the Bourne property bisecting it for its full width of 375 feet. The motion of Erie County seeks to amend the petition to describe the length of the easement as 422.8 feet instead of 375 feet and to amend the declaration of the public purpose to which the easement will be put to read "for the purposes of construction, reconstruction, operation and maintenance of sewers and necessary appurtenances within the aforesaid sewer district." The petition does not contain a metes and bounds description of the easement but only of the entire parcel owned by the Bournes over which the easement crosses. The description of the easement appears on the survey map attached to the petition wherein the length of the easement is shown as 375 feet. It is an established rule of construction that, where in a legal description of a parcel of real property there is a discrepancy between a monumented course and distance, the course will prevail over recited distance where the latter is in error. "The rule is well settled that a conveyance is to be construed in reference to its visible locative calls, as marked or appearing upon the land, in preference to quantity, course, or distance; and any particular may be rejected, if inconsistent with the other parts of the description, and sufficient remains to locate the land intended to be conveyed." *(Robinson v Kime,* 70 NY 147, 154.) "[B]y the general rule of construction, monuments control courses and distances, and estimates of quantity are usually subordinated to both." *(Case v Dexter,* 106 NY 548, 554.) "[W]ere [sic] there is a discrepancy between monumentation and linear measurements, the former governs." *(Wates v Crandall,* 144 NYS2d 211, 214–215, affd 2 AD2d 715.) The monumented course appears on the survey map to be from the property line of Martin A. Gouyd commencing at a point

832 feet westerly from the Sweetland Road right-of-way and running to the south line of a Niagara Mohawk Power Corporation easement which at its north line is 705 feet westerly of the Sweetland Road right-of-way. This monumented course should control over the distance incorrectly stated as 375 feet instead of 422.8 feet. A public highway is a monument (*S. R. H. Corp. v Rogers Trailer Park,* 54 NJ 12). Assuming that the course and monumentation is correct, they should be the controlling factors which determine the proper dimensions of the easement taken. The condemnation act applicable to the County of Erie is chapter 758 of the Laws of 1937 amended by chapter 561 of the Laws of 1939, which authorized, among other things, condemnation by the Supreme Court without condemnation commissioners. Section 8 of such special condemnation act provides for the county's application for a final decree following the court's decision as to compensation to be paid: "Within four months from the actual receipt by the board of supervisors of the decision transmitted to it by the county attorney, the board of supervisors shall, by resolution, direct the county attorney to apply to the supreme court for final decree or for the discontinuance or abandonment of the proceeding, or for a final decree of so much of said decision as relates to the real property actually needed for the improvement, and the county attorney shall comply with such resolution". "Section 9. Final. decree. Upon the resolution in the preceding section becoming of force, the county attorney shall apply to the supreme court, at a special term thereof, to be held in the county of Erie, for the final decree in the proceeding. The final decree shall recite the proceedings and describe the land to be taken. The final decree shall be conclusive upon the county of Erie and upon the owners." Such special condemnation act indicates an intention that the county shall not take more property than is actually necessary for the improvement. The affidavits attached to the motion of the county to amend its petition cite that the only use to which the property is to be put is for sewer lines and that it would be impossible to build treatment plants upon a 30-foot easement. To the extent that the county wishes to cut back the scope of its easement the special condemnation act authorizes such a procedure. The Erie County Condemnation Law is the controlling authority, not the Condemnation Law. If a *de facto* taking occurs upon the taking of temporary possession under the Condemnation Law, conceptually the scope of the *de facto* taking should be limited by the extent of the use involved in such taking. Temporary possession prior to the award of damages and entry of the final decree under the Condemnation Law is not the equivalent of a map appropriation where title passes upon the filing of the map in the county clerk's office. (Appeal from order of Erie Supreme Court—amend petition.) Present—Marsh, P. J., Dillon, Goldman and Witmer, JJ.