■ In the Matter of GUARANTEE INSURANCE COMPANY, Respondent, v NICHOLAS D'ALLEVA, Appellant.—In a proceeding to stay arbitration of Nicholas D'Alleva's uninsured motorist's claim, he appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated April 5, 1984, as granted the application for a stay pending judicial determination of the issue of whether appellant was involved in an accident with a hit-and-run vehicle.

Order affirmed, insofar as appealed from, with costs.

On October 17, 1982, appellant D'Alleva, while operating a motor vehicle insured by petitioner Guarantee Insurance Company (Guarantee), was involved in an accident. After Guarantee denied D'Alleva's claim for no-fault benefits on the ground that D'Alleva had been intoxicated at the time of the accident, a hearing was held on the issue before a no-fault arbitrator.

At the hearing, Guarantee produced an accident report prepared by one Deputy Drake which indicated that D'Alleva had been ticketed for driving while intoxicated after his vehicle had run off the road. Guarantee's expert witness testified that the alcohol content of D'Alleva's blood had been high shortly after the accident. D'Alleva, however, testified that he had drunk only a small amount of beer prior to the accident but that after the accident he was in such pain that he drank from a bottle of liquor he had in the car until he passed out. He further claimed that he had initially lost control of his vehicle and drove off the road after another vehicle had struck the rear of his vehicle. The arbitrator found D'Alleva to have been a credible witness and concluded that D'Alleva had not been intoxicated at the time of the accident. The arbitrator added "I find that the accident was caused by another vehicle that struck the claimant's vehicle".

D'Alleva next sought arbitration of an uninsured motorist benefits claim. Guarantee moved to stay arbitration of this claim pending judicial determination as to whether there had been contact with a hit-and-run vehicle. In opposition, D'Alleva argued that the arbitrator's finding concerning a hit-and-run vehicle collaterally estopped Guarantee from relitigating the hit-and-run issue.

Special Term granted the application to stay arbitration. We agree.

The Court of Appeals has recently reiterated that: "For collateral estoppel to apply * * * three criteria must be met:

(1) the issue must actually have been litigated and determined by a valid and final judgment in a separate action, (2) that determination must have been essential to the judgment and (3) either the party to be precluded had a full and fair opportunity to litigate the issue in the prior proceeding or other circumstances do not justify affording him an opportunity to relitigate it *(see,* Restatement [Second] of Judgments §§ 27, 29; *State v Gonzalez, supra,* at pp 188-192, at pp 1132-1133; *see also, Koch v Consolidated Edison Co.,* 62 NY2d 548, 554-555)" *(Schultz v Boy Scouts,* 65 NY2d 189, 204). The only issue in the first proceeding had been whether D'Alleva had been driving while intoxicated. Thus, the arbitrator's additional finding that D'Alleva's vehicle had been struck by another vehicle (as opposed to running off the road without being struck, was not essential to that determination. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.