■ EDWIN TORRES, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.—In an action to recover first-party benefits alleged to be due under an insurance contract, the plaintiff appeals from an order of the

Supreme Court, Nassau County (Feiden, J.), entered June 17, 1985, which denied his motion for summary judgment.

Order affirmed, with costs.

On September 18, 1982, the plaintiff, a pedestrian, was struck by a vehicle operated by Laura Frometa and insured by the defendant. Following the accident, the plaintiff filed a claim with the defendant to recover first-party benefits for his basic economic loss. On December 29, 1983, the defendant, which had been paying the plaintiff for his loss of wages, ceased paying such benefits after an investigation revealed that there was no record of the plaintiff's claimed employment as a cook. The plaintiff thereupon commenced this action to recover his further loss of wages. The plaintiff had also commenced a plenary action against Frometa to recover for his noneconomic loss, to wit, damages for pain and suffering (see, Insurance Law § 5104 [a]). Pursuant to an agreement executed by the plaintiff and Frometa, that action was submitted to arbitratrion. He now moves for summary judgment at bar on the ground that a finding that he suffered a wage loss of $18,000, which was made in the course of the arbitration proceeding arising out of his plenary action against Frometa to recover damages for pain and suffering, was binding upon the defendant in this action for lost wages. We disagree. Insurance Law § 5104 (c) provides that even though no right of recovery exists for basic economic loss in a plenary action to recover damages for personal injuries arising out of the use and operation of a motor vehicle, such loss may be pleaded and proved to the extent it is relevant to the proof of noneconomic loss. At bar, the amount of the plaintiff's loss of earnings was not at all relevant to the determination of his noneconomic loss, i.e., his pain and suffering. Therefore, since the only issue before the arbitrator was a determination of the plaintiff's pain and suffering, his finding as to lost wages was not essential and has no binding effect in the instant action (Matter of Guarantee Ins. Co. v D'Alleva, 113 AD2d 941). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.