■ FRANK GIORDANO, Appellant, v RAJENDRA PATEL, Respondent.—In an action to recover on promissory notes, the plaintiff appeals from an order of the Supreme Court, Queens County (Hentel, J.), dated August 24, 1989, which granted the defendant's motion to vacate his default in opposing the plaintiff's motion for summary judgment, vacated a prior order of the same court, dated April 28, 1989, granting the plaintiff's motion for summary judgment, and thereupon denied the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, Frank Giordano, is the assignee of part of a series of 48 promissory notes which constituted the purchase price of a business sold by Topal Discounts Stores, Inc. (hereinafter Topal) to the defendant Rajendra Patel, the maker of the notes. The purchase agreement provided that Patel was entitled to deduct from the amount payable on the promissory notes any amount that he paid to satisfy debts incurred by Topal prior to the date of the closing.

Following Patel's default on the payment of notes numbered

21 through 31, Giordano commenced an action in the Civil Court, Queens County, to recover the amount due. The Civil Court granted summary judgment to Giordano in May 1987.

Giordano commenced the instant action a year later to recover the amount due on the remaining notes, and moved for summary judgment. Upon Patel's failure to respond to the motion, the court granted the motion. Patel then moved to vacate his default, averring that his default was due to law office failure, and raising the defense that he had paid Topal's sales tax debt. The court granted Patel's motion, and this appeal ensued.

The determination of a motion to be relieved of a default lies within the sound discretion of the trial court *(see, I.J. Handa, P. C. v Imperato,* 159 AD2d 484). We find that the court's determination was not an improvident exercise of its discretion. In order to justify vacatur of his default, Patel was required to demonstrate a reasonable excuse for his failure to respond to the motion for summary judgment and a meritorious defense *(see, Fox v Bicanic,* 163 AD2d 272; *cf., Patron v Mutual of Omaha Ins. Co.,* 129 AD2d 572; CPLR 5015 [a] [1]). According to Patel's attorney, the parties agreed to adjourn the motion but his office neglected to notify the court. He delayed in bringing a motion for vacatur based on the advice of the court. These statements were not disputed by Giordano. Furthermore, the affidavit submitted by Patel together with documents from the New York State Department of Taxation and Finance were sufficient to establish a colorable claim that he is entitled to an offset for the amounts he paid to the New York Sales Tax Commission to satisfy Topal's debt.

We further find that the court, upon vacatur of Patel's default, properly denied Giordano's motion for summary judgment. Giordano contended that litigation of the defense proffered by Patel was barred by the doctrine of collateral estoppel. For collateral estoppel to apply, the identical issue necessarily must have been decided in the prior action and be decisive of the present action. Further, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 455). If an issue is determined but that determination is not essential to the judgment, relitigation is not precluded *(see,* Restatement [Second] Judgments § 27, comment *h; Matter of Guarantee Ins. Co. v D'Alleva,* 113 AD2d 941; *see generally, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659). The principles of collateral estoppel

"are not to be mechanically applied as a mere checklist. Collateral estoppel is an elastic doctrine and the enumeration of these elements is intended as a framework, rather than a substitute, for analysis * * *

"In the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interest in consistent and accurate results" *(Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 153; *see also, Matter of Halyalkar v Board of Regents,* 72 NY2d 261).

Under the circumstances of this case, fairness dictates that Patel be afforded an opportunity to litigate his defense on the merits. The merits of Patel's claim to an offset due to Topal's tax indebtedness were never actually litigated in the Civil Court. Further, since the promissory notes which are the subject of this action are different from those sued upon in the prior action, the Civil Court judgment would not be affected by a determination that Patel is entitled to an offset against payments which subsequently became due on the remaining notes. Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.