■ ALICE J. EARL, Appellant, v JAMES L. SMITHLER et al., Respondents. [600 NYS2d 596] —Judgment unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Plaintiff commenced this action pursuant to RPAPL article 15 to compel the determination of the boundary line dividing her property and defendants' property. The property in question is rural land located in the Town of Cato in Cayuga County. Plaintiff acquired title

by deed recorded in the Cayuga County Clerk's Office on July 27, 1987, which described her property as: "ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Cato, County of Cayuga and State of New York, being a part of Lot No. 7 in said Town of Cato and bounded and described as follows: BEGINNING on the east line of Lot No. 7 at the intersection of the north and south highway and the east and west highway and running from said point of beginning westerly along the center of the highway about 630 feet; *thence northerly about 165 feet to the center of the open ditch;* thence easterly and southeasterly along the center of the open ditch to the center of the highway and place of beginning, containing approximately 1 acre of land, be the same more or less." (Emphasis added.)

Defendants acquired title to their adjoining property in August 1984. The relevant portion of the description in their deed describes the line as "thence north at right angles 165 feet to the center of a ditch and the northwest corner of said 1 Acre; thence east and southeasterly along the center of the open ditch 585 feet to the center of Blake Road". The disputed boundary is a portion of the northern boundary of plaintiff's property and the southern boundary of a portion of defendants' property, which is described as the center of a ditch located approximately 165 feet north of Turner Road.

At trial, the parties submitted a number of surveys that purport to identify this boundary. The record contains a survey prepared by surveyor Eugene J. Gleason dated July 22, 1984. The surveyor testified that, when he prepared that survey, he measured 165 feet north from Turner Road, but that he had trouble locating an open ditch because the area was swampy, covered with brush and small trees; there was no substantial deep ditch that was easily ascertainable. He stated that the only thing he could go by was the 165 foot distance from the road. When he returned to the property in June 1992 to prepare a survey at the request of defendants, he found the terrain to be different from what it was when he was there in 1984. In 1992, the terrain was all open land; there was a distinctly defined four or five-foot ditch. Another witness testified that he observed defendant James L. Smithler on the property with a backhoe digging a ditch. Defendants concede that they dug the ditch after they purchased their property.

The court concluded that, "while the proof is conflicting and

vague, the testimony of Mr. Smithler as to the location of the ditch was more persuasive than that of Mr. Gleason", and held that the boundary line dividing the properties of the parties was that designated by defendants. We disagree.

Generally, where the lands conveyed are described by courses and distances, and also by reference to natural objects or fixed and permanent monuments, and there is a discrepancy between the two, the former description must yield to the latter *(Baldwin v Brown,* 16 NY 359, 361; *see also, Case v Dexter,* 106 NY 548, 554; *Robinson v Kime,* 70 NY 147, 154; *Morgan v City of Glen Cove,* 6 Misc 2d 434, 437, *affd* 6 AD2d 704, *affd* 5 NY2d 1041; *County of Erie v Bourne,* 59 AD2d 1008, *appeal dismissed* 43 NY2d 947). That rule, however, is by no means inflexible *(Baldwin v Brown, supra).* "Where there is anything in the description which shows that the courses and distances are right, they will, of course, control; because the primary object, in all cases, is to arrive at the real intent of the parties" *(Baldwin v Brown, supra,* at 361). Both deeds recite that the common line is 165 feet in length. It is manifest that the course and distance are correct and include the precise quantity of land recited in the deed descriptions and which the court has a right to assume was intended to be conveyed *(see, Robinson v Kime, supra).* Surely, the intent of the grantor in the deed to plaintiff was to convey 165 feet and not 94.05 feet as found by the court. When there is anything in the description that reveals that the courses and distances are correct in themselves, they will prevail over monuments *(Higinbotham v Stoddard,* 72 NY 94, 99).

Supreme Court accepted the ditch as a monument and applied the general rule that a call to a monument overrules a call of a distance. The record, however, establishes that the ditch was not a permanent or fixed object, nor was it readily ascertainable. The surveyor testified about the difficulty he had in locating the ditch when he surveyed the property in 1984 and that it was for that reason that he used the 165 foot distance from the road. The court chose to credit the self-serving testimony of defendant Smithler, who admits that, after he took title, he cleared a ditch that is significantly south of the position described by the surveyor. Because the ditch described in the deeds conveying the property was not a fixed monument that was readily ascertainable, even to a trained surveyor, we conclude that the trial court erred in applying the general rule determining the boundary by reference to a monument as opposed to distances. The ditch was not a reliable means of establishing the boundary line be-

tween the parties' property; thus, the call to a distance (165 feet) should prevail.

Consequently, we reverse and grant judgment declaring that the boundary line dividing the properties of plaintiff and defendants is as follows: "ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Cato, County of Cayuga and State of New York, being a part of Lot No. 7 in said Town of Cato and bounded and described as follows: BEGINNING on the east line of Lot No. 7 at the intersection of the north and south highway and the east and west highway and running from said point of beginning westerly along the center of the highway about 630 feet; thence northerly at a right angle 165 feet; thence easterly and southeasterly to the place of beginning." (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—RPAPL article 15.) Present—Callahan, J. P., Green, Pine, Fallon and Davis, JJ.