■ ARVID KRISTENSEN et al., Respondents, v CHARLESTON SQUARE, INC., et al., Appellants. [743 NYS2d 296] —In a consolidated action to recover damages for breach of contract, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Lebowitz, J.), dated February 1, 2001, as granted those branches of the

plaintiffs' cross motion which were for partial summary judgment and dismissal of the counterclaims, and (2) from a judgment of the same court, entered March 7, 2001, which is in favor of the plaintiffs and against them in the principal sum of $79,750.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the branches of the cross motion which were for partial summary judgment and dismissal of the counterclaims are denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendants' contention, the Supreme Court properly entertained the plaintiffs' cross motion, inter alia, for partial summary judgment more than 120 days after the filing of the note of issue, as the plaintiffs established good cause for their delay in making their cross motion (*see* CPLR 3212 [a]; *Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124). However, the Supreme Court improperly relied on the findings and conclusions of a Judicial Hearing Officer (hereinafter the JHO) in related dissolution proceedings to summarily resolve the claims in this consolidated action.

The equitable doctrine of collateral estoppel precludes a party from relitigating an issue decided against that party in a prior adjudication (*see D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659). The party seeking the benefit of collateral estoppel must prove that the identical issue was decided in a prior action (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449; *Giordano v Patel,* 177 AD2d 468). For an issue to have been actually litigated, "it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding" (*Matter of Halyalkar v Board of Regents,* 72 NY2d 261, 268).

The plaintiffs failed to establish that the claims herein were actually litigated before the JHO in the dissolution proceedings. In addition, there is no identity of issues between the causes of action in the dissolution proceeding and the causes of action herein. Florio, J.P., Smith, Schmidt and Townes, JJ., concur.