■ TRUSTEES OF FREEHOLDERS AND COMMONALITY OF TOWN OF SOUTHAMPTON et al., Respondents, v LOUIS BUONINFANTE, Appellant. [756 NYS2d 629] —In an action, inter alia, for a judgment declaring that the plaintiffs are the sole lawful owners and vested with absolute and unencumbered title in fee in certain real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated March 21, 2002, which denied his motion for partial summary judgment for a judgment declaring the ambulatory nature of the northern boundary of the real property at issue.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for partial summary judgment is granted to the extent that the defendant is entitled to a judgment declaring that the northern boundary of the property in dispute is ambulatory and based on the high water mark of Moriches Bay, and the matter is remitted to the Supreme Court, Suffolk County for further proceedings consistent herewith.

In late 1999 the defendant was shown a parcel of vacant waterfront property located in the Village of West Hampton Dunes, Southampton, on the shore of Moriches Bay known as 770 Dune Road. Desiring to build a house on the parcel, the defendant purchased the property on April 4, 2000. The defendant received a bargain and sale deed which described the property, inter alia, as running north from Dune Road "766.89 feet to the high water line of Moriches Bay; thence * * * along the high water line of Moriches Bay." The defendant's predecessor-in-interest acquired title to the property under a deed which described the property, inter alia, as running north from Dune Road, "190.20 feet to the mean high water mark of Moriches Bay; thence along said mean high water mark of Moriches Bay."

After obtaining a building permit from the Village of West Hampton Dunes to construct a two-story dwelling on the northern portion of the property, and a construction loan, and

after pile-driving had begun, the plaintiffs commenced the instant action claiming title, in essence, to that strip of land along Moriches Bay created by the discrepancy between the linear distances mentioned in the two deeds set forth above. The complaint alleged that the Town was the owner of all undivided lands in the Town, which would include the bottom of Moriches Bay, that it traced its estate to ancient land grants, and that the defendant's predecessor-in-interest could not convey more title than she owned.

The defendant is entitled to a limited summary judgment. Where there is a discrepancy in deed calls, the rules of construction require that resort be had first to natural objects, second to artificial objects, third to adjacent boundaries, fourth to courses and distances, and last to quantity (*see Thomas v Brown,* 145 AD2d 849 [1988]; *Pauquette v Ray,* 58 AD2d 950 [1977]; 1 NY Jur 2d, Adjoining Landowners §§ 66-70, 115, 117; *see also Henry v Malen,* 263 AD2d 698, 701 [1999]; *Morgan v McLoughlin,* 6 Misc 2d 434 [1957], *affd sub nom. Morgan v City of Glen Cove,* 6 AD2d 704 [1958], *affd* 5 NY2d 1041 [1959]). Here, there is a discrepancy internally in the deeds by using both linear distances and the water line of Moriches Bay, and between the two linear distances mentioned in the two deeds. Nevertheless, both deeds clearly refer to the mean high water mark of Moriches Bay, or the high water line of Moriches Bay. The water line of Moriches Bay is obviously a natural object, and as such it should take precedence over either of the linear distances in the two deeds. In addition, deeds further back in the chain of title indicate that the property at issue had traditionally been described in one way or another as extending to the shore of Moriches Bay or to the high water line of Moriches Bay and running along the shore. It was not until 1973 that linear distances were added. But even after this, the property was still described as extending to the mean high water mark of Moriches Bay. Thus, there is nothing in the chain of title to suggest that it was the intention of any grantor to bound the property along the north side in any way other than by reference to the shoreline of Moriches Bay.

Furthermore, the record indicates that the extension of the shoreline further out into Moriches Bay has been caused by the natural process of accretion. It has long been the law of this State that a riparian owner of upland property is entitled to any increase in his land due to accretion, and on the other hand is subject to any loss of land due to erosion (*see Mulry v Norton,* 100 NY 424 [1885]; *State of New York v Bishop,* 46 AD2d 654 [1974]; *Matter of Board of Educ. of Union Free School*

*Dist. No. 11 of Town of Hempstead v Nyquist,* 28 AD2d 936 [1967]). Thus, the defendant, as the riparian owner of upland property, is entitled to that portion of land which has been naturally added to the predecessor in interest's title.

Accordingly, under these circumstances, the defendant is entitled to a judgment declaring that the northern boundary of his property is ambulatory and based on the high water mark of Moriches Bay. The matter is remitted to the Supreme Court, Suffolk County for a trial to determine the actual present location of that ambulatory boundary line. Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.