■ SCOTT STROUGH et al., Respondents, v INCORPORATED VILLAGE OF WEST HAMPTON DUNES et al., Defendants, and FM DUNE VIEW DESIGNS, LLC, et al., Appellants. [912 NYS2d 82]—

In an action, inter alia, for a judgment declaring that the plaintiffs are the sole owners of certain real property located on the shore of Moriches Bay, (1) the defendants FM Dune View Designs, LLC, Fran Moss, VLL, LLC, Arianne V. Amsz, Alexandre N. Amsz, Natalie Rose Fusco, Emily J. Russo, Francine Maiorana, 780 Dune Road, LLC, Gene Streim, Ilene Streim, Harvey Gessin, Marilyn Tune Gessin, Claire Vegliante, Ettore

Mancini, Laura Fabrizio, Stuart Schecter, Michelle Schecter, Michael Rossi, Bernice Rossi, Salvatore Mattoli, Theresa Mattoli, Stanley Vickers, Diane Vickers, Robert A. Nyholm, 684 Dune Road Corp., 682 Dune Road LLC, 690 Dune Road LLC, Timothy Monfort, and Susan Monfort appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated February 4, 2008, as denied that branch of their motion which was to dismiss the amended complaint insofar as asserted against them on the ground that the plaintiffs' claims are barred by the doctrine of collateral estoppel, (2) the defendant Lynn Macrone separately appeals from so much of the same order as denied those branches of her motion which were to dismiss the amended complaint insofar as asserted against her on the grounds that the plaintiffs' claims are barred by the doctrine of collateral estoppel and the plaintiffs failed to join necessary parties, and (3) the defendant Spencer Glanz separately appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was to dismiss the amended complaint insofar as asserted against him on the ground that the plaintiffs' claims are barred by the doctrine of collateral estoppel.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

In October 2006, the Trustees of the Freeholders and Commonality of the Town of Southampton (hereinafter the Trustees) and the Town of Southampton (hereinafter the Town) commenced the present action against the Incorporated Village of West Hampton Dunes (hereinafter the Village) and several individuals and entities that own real property located on the shore of Moriches Bay in Suffolk County (hereinafter the Property Owners). In essence, the Trustees and the Town claim that two severe storms in December 1992 and March 1993, respectively, suddenly deposited millions of tons of sand on the bottom of Moriches Bay, which extended the beachfront property by several hundred feet (hereinafter the disputed land).

Although the Trustees and the Town claim that the disputed land belongs to them because it was suddenly created by the natural act of avulsion, the Property Owners claim that the disputed land belongs to them because it was slowly created over a long period of time by the natural process of accretion. In August 2010 the Town and the Village resolved their jurisdictional dispute and the Village withdrew its appeal.

The Property Owners contend that the Supreme Court should have granted those branches of their motions which were pur-

suant to CPLR 3211 (a) (5) dismissing the amended complaint insofar as asserted against them on the ground that the plaintiffs' claims are barred by the doctrine of collateral estoppel based on this Court's decision in *Trustees of Freeholders & Commonality of Town of Southampton v Buoninfante* (303 AD2d 579 [2003]). In *Buoninfante,* this Court granted Louis Buoninfante's motion for partial summary judgment to the extent of declaring that the northern boundary of his property was ambulatory and based on the high water mark of Moriches Bay and then remitted the matter to the Supreme Court, Suffolk County, for a trial to determine the current location of his boundary line.

The doctrine of collateral estoppel precludes a party from relitigating an issue which was previously decided against that party, or those in privity, in a proceeding in which there was a fair opportunity to fully litigate the matter (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). In order to invoke the doctrine, two requirements must be met: (1) the identical issue must have been necessarily decided in the prior action and must be decisive in the present action, and (2) the party who is precluded from relitigating the issue must have had a full and fair opportunity to contest the matter in the prior action (*see Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 70 [1969]). The proponent of collateral estoppel has the burden of demonstrating that the issue was identical and necessarily decided in the first action, whereas the opposing party has the burden of establishing that there was no full and fair opportunity to litigate the matter in the prior action (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985]).

The doctrine of collateral estoppel does not apply in the present case because the Property Owners failed to satisfy their burden of proving that the issues in this case are identical to those raised in *Buoninfante,* which primarily involved discrepancies in the deeds in the chain of title to Louis Buoninfante's property. Furthermore, *Buoninfante* involved one parcel of real property located on the shore of Moriches Bay, whereas the present case involves approximately 30 parcels of real property in the vicinity, which may or may not have been affected in the same fashion or to the same degree by the natural processes of accretion or avulsion. Under these circumstances, the Supreme Court properly declined to apply the doctrine of collateral estoppel (*see Davidson v American Bio Medica Corp.*, 299 AD2d 390 [2002]; *Kristensen v Charleston Sq.*, 295 AD2d 404 [2002]; *Reiss v Maynard*, 129 AD2d 999 [1987]).

In addition, the Supreme Court properly denied that branch

of Lynn Macrone's motion which was to dismiss the amended complaint insofar as asserted against her on the ground that the plaintiffs failed to join all necessary parties. Where, as here, complete relief may be accorded between the parties and the absent parties will not be inequitably affected by a judgment in the action, the absentees are not deemed to be necessary parties (*see* CPLR 1001 [a]; *Matter of Figari v New York Tel. Co.*, 32 AD2d 434, 439 [1969]). Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.