[940 NE2d 909, 915 NYS2d 204]

LOUISE RUFFIN, Appellant, v LION CORP., Doing Business as LION TOUR BUS COMPANY, Also Known as LION TOUR & TRAVEL, INC., and as LION TRAILWAYS, et al., Respondents.

Argued October 21, 2010; decided November 30, 2010

## POINTS OF COUNSEL

*David S. Kritzer & Associates, P.C.*, Huntington (*David S. Kritzer* of counsel), for appellant. I. CPLR 2001 properly applies to mere irregularities or minor, nonprejudicial defects in the method of service. (*American Home Assur. Co. v Morris Indus. Bldrs.*, 176 AD2d 541; *People ex rel. Di Leo v Edwards*, 247 App Div 331.) II. Upon the proper application of CPLR 2001, the minor, nonprejudicial defect as to the process server's residency is a mere irregularity which shall be disregarded. (*American Home Assur. Co. v Morris Indus. Bldrs.*, 176 AD2d 541.) III. The Second Department erred as a matter of law in dismissing the complaint without remanding the action to allow Louise Ruffin to exercise her rights under CPLR 306-b to move for an extension of time to serve or to cure the defect in service. (*Citron v Schlossberg*, 282 AD2d 642; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95; *Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury*, 46 AD3d 1304.)

*Salmon, Ricchezza, Singer & Turchi LLP*, New York City (*Ronald L. Daugherty* and *Shari F. Bernstein* of counsel), for respondents. I. The default judgments entered below were a nullity because defendants against whom they were entered had not properly been served pursuant to CPLR 313. (*DeMartino v Rivera*, 148 AD2d 568; *Chase Manhattan Bank v Carlson*, 113 AD2d 734; *Shaw v Shaw*, 97 AD2d 403; *Miller v Bank of N.Y. [Del.]*, 226 AD2d 507; *Steele v Hempstead Pub Taxi*, 305 AD2d 401.) II. Appellant's unexplained failure to serve process in accordance with the requirements of CPLR 313 is not a mere

irregularity or nonprejudicial defect that could or should be disregarded or excused by the Supreme Court pursuant to CPLR 2001. (*Travis v New York State Dept. of Envtl. Conservation*, 185 AD2d 714; *Matter of RECYCLE v Lacatena*, 163 AD2d 693; *American Home Assur. Co. v Morris Indus. Bldrs.*, 176 AD2d 541; *Miller v Bank of N.Y. [Del.]*, 226 AD2d 507.) III. Appellant cannot timely serve the complaint or cure the defect in service at this juncture, as the statute of limitations on her claims has expired. IV. The amendment of the judgment was further error on the part of the Supreme Court that must be reversed even if appellant's failure to properly serve the original Lion defendants is condoned.

### OPINION OF THE COURT

PIGOTT, J.

Plaintiff Louise Ruffin was injured while riding as a passenger on a tour bus in New York City on December 4, 2000. She filed a timely summons and complaint, naming as defendants both the bus driver and the tour bus company, "Lion Corp., d/b/a Lion Tour Bus Company, a/k/a Lion Tour & Travel, Inc., a/k/a Lion Trailways." On November 10, 2003, a process server, Richard Rubin, served the summons and complaint on the tour bus company, at its headquarters in Levittown, Pennsylvania, by personal service on a company vice-president. Rubin's affidavits of service identify him as a Pennsylvania resident.

Lion Corp. failed to respond to the summons and complaint—despite a notice of default that plaintiff's counsel sent to Lion Corp. by certified mail. Subsequently, plaintiff moved for a default judgment, serving Lion Corp. with the motion papers by mail. Supreme Court granted the motion. Lion Corp. did not appear at an inquest and, on April 8, 2005, Supreme Court granted plaintiff judgment in the amount of $450,000, plus interest, costs and disbursements.[1]

Two years later, in May 2007, Lion Corp. broke its silence and moved to dismiss the action under CPLR 3211 (a) (8) and to vacate the default judgment pursuant to CPLR 5015 (a) (4). In support of its motion, Lion Corp. cited CPLR 313, pointing out that at the time of service Rubin was not a New York resident, he was not a sheriff authorized to make service by Pennsylvania law, and he was not an attorney, solicitor, barrister or equivalent. As a result, Rubin was not authorized under CPLR 313 to

---

1. An amended default judgment, including additional names under which Lion Corp. does business, was entered on October 13, 2006.

effect service in Pennsylvania and therefore, Lion Corp. argued, Supreme Court had not acquired jurisdiction over it.

Supreme Court denied Lion Corp.'s motion, ruling that the violation of CPLR 313 was a mere irregularity that could be disregarded and not a jurisdictional defect. The Appellate Division reversed, holding that statutes defining the methodology of service are jurisdictional and may not be disregarded (63 AD3d 814 [2d Dept 2009]). That Court vacated the judgment, and dismissed the complaint. We granted leave to appeal (13 NY3d 710 [2009]), and now reverse.

Plaintiff concedes that Rubin was not authorized to make service, but challenges the jurisdictional implications of this improper service. She relies on CPLR 2001 and argues that the irregularity in service can and should be disregarded under that statute.

CPLR 2001 provides:

> "At any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid."

The statutory language clarifying that CPLR 2001 applies at the commencement of an action, including mistakes in the filing process, was added in 2007. The amendment was in response to decisions of our Court that held an action (or proceeding) should be dismissed as jurisdictionally defective if the plaintiff (or petitioner) does not fulfill all the filing requirements under CPLR 304 and 306-a, and the defendant (or respondent) timely objects (*see* Senate Introducer's Mem in Support, at 1, Bill Jacket, L 2007, ch 529, citing *Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155 [2006], *Matter of Gershel v Porr*, 89 NY2d 327 [1996] and *Matter of Fry v Village of Tarrytown*, 89 NY2d 714 [1997]). Those opinions suggested that CPLR 2001 could not be applied to mistakes made at the commencement of an action.

The question before us is whether a plaintiff's failure to fulfill the service requirements of CPLR 313 because the process

server's residence renders him unauthorized to serve process constitutes an irregularity that courts may disregard under CPLR 2001 or a jurisdictional defect that courts may not overlook. We hold that the error may be disregarded under CPLR 2001.

It is clear from the Sponsor's Memorandum[2] that the purpose of the 2007 amendment to CPLR 2001 was to allow courts to correct or disregard technical defects, occurring at the commencement of an action, that do not prejudice the opposing party (Senate Introducer's Mem in Support, at 1). The Legislature considered the amendment to be necessary "to fully foreclose dismissal of actions for technical, non-prejudicial defects" (*id.*).

Although the payment of a filing fee and the filing of initiatory papers are the acts that commence an action or special proceeding, and service comes thereafter (CPLR 304 [a]; *see Gershel*, 89 NY2d at 330), we perceive no reason why the Legislature would wish to foreclose dismissal of actions for technical, nonprejudicial defects in filing, but not service. Moreover, CPLR 2001 by its own terms applies "[a]t *any* stage of an action" (emphasis added). We therefore reject the Appellate Division's holding that a CPLR statute defining method of service can in no circumstance be disregarded.

Our inquiry does not end here, however. CPLR 2001 may be used to cure only a "technical infirmity" (*Matter of Miller v Board of Assessors*, 91 NY2d 82, 87 [1997]; *see also e.g. Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]; *Matter of Great E. Mall v Condon*, 36 NY2d 544, 548 [1975]; *Matter of Board of Trustees of Common School Dist. No. 2 of Town of Dickinson v Commissioner of Educ. of State of N.Y.*, 33 NY2d 601, 603 [1973]). In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant—notice that must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Raschel v Rish*, 69 NY2d 694, 696 [1986], quoting

---

**2.** The wording of the memorandum was drawn from a report of the Chief Administrative Judge's Advisory Committee on Civil Practice, which recommended the amendment.

*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]).[3]

Defendant's actual receipt of the summons and complaint is not dispositive of the efficacy of service. For example, simply mailing the documents to defendant or e-mailing them to defendant's Web address would present more than a technical infirmity, even if defendant actually receives the documents, inasmuch as these methods in general introduce greater possibility of failed delivery. Likewise, delivery of a summons and complaint to the wrong person (*see Macchia v Russo*, 67 NY2d 592 [1986]; *see also Raschel*) is a substantial defect. On the other hand, delivery of a summons and complaint by a process server who is unauthorized to serve simply because of his place of residence will not affect the likelihood that the summons and complaint will reach defendant and inform him that he is being sued. We therefore conclude that a defect related to the residence of a process server has no effect on the likelihood of defendant's receipt of actual notice, and the court may choose to correct or disregard it as a technical infirmity under CPLR 2001.

The Appellate Division therefore erred in concluding that the defect in service in this case could not be disregarded under CPLR 2001, and should have reached such other issues as defendant may have raised upon its appeal.

Accordingly the order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division, for further proceedings in accordance with this opinion.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order reversed, etc.

---

3. CPLR 313 is a notice statute, applicable only if there is some independent basis for the exercise of personal jurisdiction over the person to be served—in the present case an alleged tortious act within New York State (*see* CPLR 302 [a] [2]; *Yarusso v Arbotowicz*, 41 NY2d 516, 518 [1977]).