In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered April 16, 2012, as, upon a decision of the same court dated March 2, 2012, made after a nonjury trial, is in favor of the plaintiffs and against them declaring that the southern boundary of the plaintiffs’ property is an ambulatory line defined by the location of the average southerly line of beach grass on the beach of the *965 Atlantic Ocean, and that the defendants have no title to the lands lying north of such average southerly line of beach grass within the east and west bounds of the plaintiffs’ property.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
“On an appeal from a judgment after a nonjury trial, this Court’s power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, giving due regard to the trial court, which had the advantage of assessing the credibility of the witnesses” (Rock v Rock, 100 AD3d 614, 615-616 [2012]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Parry v Murphy, 79 AD3d 713, 714-715 [2010]). Here, the record supports the Supreme Court’s determination that the plaintiffs hold title to the disputed lands north of an ambulatory line defined by the location of the average southerly line of beach grass on the beach of the Atlantic Ocean (see Trustees of Freeholders & Commonality of Town of Southampton v Buoninfante, 303 AD2d 579, 580 [2003]; see also Matter of Common Council of City of Brooklyn, 73 NY 179, 184 [1878]; Ryan v Boucher, 144 AD2d 144, 145 [1988]; cf. Earl v Smithler, 195 AD2d 969 [1993]). Accordingly, we decline to disturb the Supreme Court’s determination. Skelos, J.P., Dickerson, Hall and Miller, JJ., concur. [Prior Case History: 34 Misc 3d 1237(A), 2012 NY Slip Op 50452(U).]