In a claim to recover damages, inter alia, for personal injuries and wrongful death, the claimant appeals from an order of the Court of Claims (Soto, J.), dated May 8, 2013, which denied her motion, among other things, to dismiss the defendant’s first affirmative defense, and granted that branch of the defendant’s cross motion which was to dismiss the claim for lack of jurisdiction based on improper service of the claim upon the State of New York.
Ordered that the order is affirmed, with costs.
After the Court of Claims granted the claimant’s motion for leave to serve a late claim against the defendant, the claimant served a claim on the Attorney General by regular mail. The defendant’s answer raised, as a first affirmative defense, the court’s lack of jurisdiction based on the claimant’s failure to serve the claim personally or by certified mail, return receipt requested. In opposition to the claimant’s motion, inter alia, to dismiss the first affirmative defense, the defendant cross-moved, among other things, to dismiss the claim based on improper service. In opposition to the defendant’s cross motion, the claimant requested that, pursuant to CPLR 2001, the court disregard the error in service. The court granted that branch of the defendant’s cross motion which was to dismiss the claim for lack of jurisdiction based on improper service of the claim, and denied the claimant’s motion.
Court of Claims Act § 11 (a) (i) provides that a copy of the claim shall be served personally or by certified mail, return receipt requested, upon the attorney general. The requirements of section 11 of the Court of Claims Act are jurisdictional in nature and, therefore, must be strictly construed (see Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]). Here, the claim was improperly served upon the defendant by regular mail and, thus, the court lacked jurisdiction over the defendant *633 (see Govan v State of New York, 301 AD2d 757 [2003]; Thompson v State of New York, 286 AD2d 831 [2001]; Edens v State of New York, 259 AD2d 729 [1999]; Adkison v State of New York, 226 AD2d 409 [1996]; Baggett v State of New York, 124 AD2d 969 [1986]).
Furthermore, the Court of Claims properly declined to correct or disregard the defect in service pursuant to CPLR 2001. Even though the attorney general received the claim, service of the claim by regular mail was more than a mere technical infirmity, since this method of service introduced a greater possibility of failed delivery (see Ruffin v Lion Corp., 15 NY3d 578, 583 [2010]; Flick v Stewart-Warner Corp., 76 NY2d 50, 56 [1990]). Accordingly, the court properly granted that branch of the defendant’s cross motion which was to dismiss the claim for lack of jurisdiction based on improper service of the claim, and properly denied the plaintiffs motion, inter alia, to dismiss the first affirmative defense. Dillon, J.P, Balkin, Leventhal and Chambers, JJ., concur.