◼ Segway of New York, Inc., Doing Business as Formula One Extreme, Respondent, v Udit Group, Inc., Doing Business as Revolution Powersports, et al., Appellants. [992 NYS2d 524]—

In an action to recover on a promissory note and two personal guarantees on the note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an order of the Supreme Court, Nassau County (Jaeger, J.), entered October 26, 2012, which, after a hearing, denied their motion to vacate a judgment of the same court dated January 13, 2012, which was entered upon their failure to oppose the plaintiff's motion for summary judgment in lieu of complaint in favor of the plaintiff and against them in the total sum of $204,292.96, and thereupon to dismiss the action for lack of personal jurisdiction.

Ordered that the order entered October 26, 2012, is reversed, on the law, with costs, and the defendants' motion to vacate the judgment and thereupon to dismiss the action for lack of personal jurisdiction is granted.

The defendant Udit Group, Inc., doing business as Revolution Powersports (hereinafter the corporate defendant), allegedly purchased motorcycles from the plaintiff and executed a promissory note in favor of the plaintiff, in which the corporate defendant agreed to repay the plaintiff the principal sum of $172,000. The individual defendants allegedly executed guarantees on the note, pursuant to which they agreed to be personally liable for the debt of the corporate defendant in the event that the corporate defendant did not satisfy its obligation.

The plaintiff subsequently commenced this action pursuant to CPLR 3213 by motion for summary judgment in lieu of complaint to recover on the note and the guarantees. Although

the motion intake clerk initially rejected the notice of motion on the ground that the address of the courthouse at which the motion was made returnable was incorrect, the notice of motion was eventually accepted by the motion intake clerk. The defendants failed to appear on the return date or otherwise oppose the motion for summary judgment, and the motion was granted upon the defendants' default. A judgment was subsequently entered in favor of the plaintiff and against the defendants in the total sum of $204,292.96.

The defendants moved to vacate the judgment entered upon their failure to oppose the motion for summary judgment. In an order dated June 8, 2011, the Supreme Court, inter alia, directed a hearing on the issue of whether service of process had been properly effected upon each defendant. At the hearing, the plaintiff presented the testimony of a process server, who testified as to how he had served each of the defendants. The defendants presented the testimony of witnesses to support their contentions that service had not occurred in the manner alleged by the plaintiff.

In an order entered October 26, 2012, the Supreme Court credited the testimony of the process server and denied the defendants' motion to vacate the judgment entered upon their default. In denying the defendants' motion, the court, in effect, rejected the defendants' contention that various defects in the summons and notice of motion deprived the court of personal jurisdiction over the defendants.

In reviewing findings of fact made after a hearing to determine the validity of service of process, as a general matter, this Court will "not lightly disturb findings that are based upon conflicting evidence and implicate the credibility of witnesses" (*Washington Mut. Bank v Holt*, 113 AD3d 755, 756 [2014]). This Court nevertheless "possesses authority to review a determination rendered after a hearing that is as broad as that of the hearing court, and may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing the witnesses" (*id.* at 756; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Here, the record supports the Supreme Court's determination to credit the process server's testimony that he served copies of the summons and notice of motion upon the defendants in a manner consistent with that set forth in his affidavits of service. Accordingly, we decline to disturb the court's factual determination in this regard (*see generally Matter of Kelley v Lynaugh*, 112 AD3d 862, 865 [2013]; *Macklowe v Trustees of*

*Freeholders & Commonalty of Town of E. Hampton*, 110 AD3d 964, 965 [2013]; *cf. Washington Mut. Bank v Holt*, 113 AD3d 755 [2014]).

However, the Supreme Court erred in applying CPLR 2001 so as to disregard the facial defects in the summons and notice of motion that were identified by the defendants. That section "may be used to cure only a 'technical infirmity' " (*Ruffin v Lion Corp.*, 15 NY3d 578, 582 [2010], quoting *Matter of Miller v Board of Assessors*, 91 NY2d 82, 87 [1997]). "In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant—notice that must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Ruffin v Lion Corp.*, 15 NY3d at 582 [internal quotation marks omitted]). Where a defect creates a "greater possibility" of frustrating the core principles of notice to the defendant, the defect must be regarded as substantial and courts may not disregard it under CPLR 2001 (*id.* at 583; *see Brown v State of New York*, 114 AD3d 632, 633 [2014]).

Here, the notice of motion for summary judgment in lieu of complaint did not provide timely notice of the motion to the defendant Andrew Udit, who was served by substituted service pursuant to CPLR 308 (2), inasmuch as the notice of motion set a return date that was prior to the expiration of the 30-day period within which that defendant was statutorily entitled to appear (*see* CPLR 320 [a]; 3213). Furthermore, the copies of the notice of motion served upon the defendants with the summons pursuant to CPLR 3213 contained an affirmative misstatement of the address at which the motion could be defended (*cf.* CPLR 2214 [a]). We deem it appropriate to take judicial notice (*see Consolidated Edison Co. of N.Y. v Public Serv. Commn. of State of N.Y.*, 47 NY2d 94, 110 [1979], *revd on other grounds* 447 US 530 [1980], *revd sub nom. on other grounds Central Hudson Gas & Elec. Corp. v Public Serv. Comm'n of N.Y.*, 447 US 557 [1980]; *Appelbaum v Deutsch*, 111 AD2d 21, 22 [1985], *affd* 66 NY2d 975 [1985]; *Dougherty v 425 Dev. Assoc.*, 93 AD2d 438, 447 [1983]; *see also* Jerome Prince, Richardson on Evidence §§ 2-202, 2-203 [Farrell 2008]) of the fact that the incorrect address given in the notice of motion pertained to an actual roadway located in Mineola, New York, and was not merely a misspelling of the correct address for the relevant courthouse. As such, the motion for summary judgment in lieu of complaint was made returnable to a location in Mineola at which the Supreme Court was not located, and at which the motion could

not have been opposed. These defects in the notice of motion, under the particular circumstances of this case and in the context of an action commenced pursuant to CPLR 3213, created a greater possibility of frustrating the core principles of notice to the defendants (*see Ruffin v Lion Corp.*, 15 NY3d at 583; *Brown v State of New York*, 114 AD3d at 633). Accordingly, these defects constitute "jurisdictional defect[s] that courts may not overlook" pursuant to CPLR 2001 (*Ruffin v Lion Corp.*, 15 NY3d at 582; *see Matter of Cartier v County of Nassau*, 281 AD2d 477, 478 [2001]; *Matter of Hawkins v McCall*, 278 AD2d 638, 638 [2000]; *Matter of Lincoln Plaza Tenants Corp. v Dinkins*, 171 AD2d 577, 577 [1991]; *Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown*, 144 AD2d 90, 92 [1989]). Since the Supreme Court failed to acquire personal jurisdiction, "all subsequent proceedings are thereby rendered null and void" (*Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013] [internal quotation marks omitted]), and the default judgment entered against the defendants is "a nullity" (*Prudence v Wright*, 94 AD3d 1073, 1074 [2012]; *see Krisilas v Mount Sinai Hosp.*, 63 AD3d 887, 889 [2009]; *Harkless v Reid*, 23 AD3d 622, 623 [2005]; *Steele v Hempstead Pub Taxi*, 305 AD2d 401, 402 [2003]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.

Accordingly, the defendants' motion to vacate the judgment dated January 13, 2012, and thereupon to dismiss the action for lack of personal jurisdiction, should have been granted (*see* CPLR 5015 [a] [4]). Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.