Estate of Norman Perlman v Kelley (2019 NY Slip Op 06475)





Estate of Norman Perlman v Kelley


2019 NY Slip Op 06475


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-03966 
2017-09718
 (Index No. 15108/15)

[*1]Estate of Norman Perlman, appellant,
v
Peter J. Kelley, etc., respondent.


Carol Lipton, Brooklyn, NY, for appellant.
Peter J. Kelley, New York, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover legal fees, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Kathy J. King, J.), dated February 22, 2017, and (2) an order of the same court dated June 15, 2017. The order dated February 22, 2017, insofar as appealed from, granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint. The order dated June 15, 2017, insofar as appealed from, upon reargument, adhered to the determination in the order dated February 22, 2017, granting the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the appeal from the order dated February 22, 2017, is dismissed, as the portion of the order appealed from was superseded by the order dated June 15, 2017, made upon reargument; and it is further,
ORDERED that the order dated June 15, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
This is an action, inter alia, to recover legal fees under a theory of quantum meruit. The plaintiff's decedent, prior to his death, represented a client in a legal malpractice action. After the death of the plaintiff's decedent, the defendant obtained a settlement for the client in that action.
The plaintiff commenced this action on December 31, 2015, by filing a summons and complaint. On January 21, 2016, the plaintiff filed an affidavit of service with the Kings County Clerk's Office, which stated that on January 14, 2016, service was effectuated upon the defendant pursuant to CPLR 308(2) by delivery of the summons and complaint to a paralegal who worked at the defendant's law office. The affidavit of service did not indicate that the summons and complaint had been mailed to the defendant. On or about March 17, 2016, the plaintiff moved for leave to enter a default judgment against the defendant. The affirmation of service attached to the motion papers stated, inter alia, that the plaintiff had mailed a "second copy" of the summons and complaint to the defendant on February 13, 2016. However, there is no evidence in the record that the plaintiff ever filed an affidavit of service with the Kings County Clerk's Office indicating that the summons [*2]and complaint had been mailed to the defendant. The defendant opposed the plaintiff's motion, contending, inter alia, that the motion was premature, and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated February 22, 2017, the Supreme Court, inter alia, granted the defendant's cross motion to dismiss the complaint pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction. The plaintiff thereafter moved, inter alia, for leave to reargue his opposition to the defendant's cross motion. In an order dated June 15, 2017, the court, inter alia, granted reargument and, upon reargument, adhered to its original determination granting the defendant's cross motion. The plaintiff appeals.
CPLR 308(2) provides, in pertinent part, that personal service may be made upon a defendant by delivery of the summons upon "a person of suitable age and discretion at the actual place of business . . . of the person to be served and by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business . . . , such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing whichever is effected later; service shall be complete ten days after such filing."
 "Jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with'" (Josephs v AACT Fast Collections Services., Inc., 155 AD3d 1010, 1012, quoting Gray-Joseph v Shuhai Liu, 90 AD3d 988, 989; accord Munoz v Reyes, 40 AD3d 1059, 1059; Ludmer v Hasan, 33 AD3d 594, 594). "CPLR 308(2) requires strict compliance and the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made" (Samuel v Brooklyn Hosp. Ctr., 88 AD3d 979, 980).
Here, the mailing of the summons to the defendant occurred more than 20 days after the delivery upon a person of suitable age and discretion. Additionally, the plaintiff never filed an affidavit of service with the Kings County Clerk's Office indicating that the mailing had been effectuated. Accordingly, the service of process upon the defendant did not comply with the strict requirements of CPLR 308(2), and the time for the defendant to serve an answer never began to run (see CPLR 3012).
Contrary to the plaintiff's contention, the delay in mailing was not a mere "technical infirmity" that may be overlooked by the court pursuant to CPLR 2001 (Ruffin v Lion Corp., 15 NY3d 578, 582 [internal quotation marks omitted]). "In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant—notice that must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (id. at 582 [internal quotation marks omitted]). As the Court of Appeals noted in Ruffin, a defendant's "actual receipt of the summons and complaint is not dispositive of the efficacy of service" (id. at 583). "For example, simply mailing the documents to defendant or e-mailing them to defendant's Web address would present more than a technical infirmity, even if defendant actually receives the documents, inasmuch as these methods in general introduce greater possibility of failed delivery" (id.).
A mailing sent within the wrong time frame, like a mailing sent by the wrong method (see id.; Brown v State of New York, 114 AD3d 632), increases the likelihood that a party will not receive proper notice of a legal proceeding. The first 20-day window set forth in CPLR 308(2) serves an important function. If the delivery and mailing required by that statute are not made within a short time of one another, there is a greater likelihood that one or both sets of pleadings will be mislaid, or, at the very least, that confusion will arise as to how much time the defendant has to respond—both of which appear to have occurred here. Further, the requirement that an affidavit of service be filed within 20 days of the delivery or mailing, whichever is effected later, also serves an important function. Timely filing of the affidavit of service is designed to give notice as to the plaintiff's claim of service and permit the defendant to calculate the time to answer. Where the affidavit of service claims that delivery but not mailing occurred within the 20-day period, yet the plaintiff intends to later claim that a timely mailing did occur, additional confusion is created, a defendant may be prejudiced by reliance upon the publicly filed affidavit which only partially [*3]disclosed the plaintiff's claim of service, and such prejudice may preclude the prospect that the failure to file the affidavit could be cured (cf. Khan v Hernandez, 122 AD3d 802, 803).
We therefore agree with the Supreme Court's determination that the plaintiff's failure to comply with the delivery and mailing requirements of CPLR 308(2) in the time prescribed by the statute was a jurisdictional defect, and that the plaintiff's late mailing of the summons and complaint after the statutory time period did not cure the defect in service. The plaintiff's remaining contentions are without merit. Accordingly, we agree with the court's determination, upon reargument, to adhere to its prior determination granting the defendant's cross motion to dismiss the complaint for lack of personal jurisdiction.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court