Serrao v Slope Stor. (2024 NY Slip Op 00444)

Serrao v Slope Stor.

2024 NY Slip Op 00444

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-08024
 (Index No. 1678/20)

[*1]Dwayne Serrao, appellant, 
v
Slope Storage, etc., respondent.

Jonathan Rosenberg, PLLC, Brooklyn, NY (Ralph P. Franco, Jr., of counsel), for appellant.

DECISION & ORDER
In an action for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated October 7, 2021. The order denied the plaintiff's motion, inter alia, to compel the defendant to remove an extra lock from the plaintiff's storage unit so as to allow the plaintiff access to the unit.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff moved by order to show cause, among other things, to, compel the defendant to remove an extra lock from the plaintiff's storage unit so as to allow the plaintiff access to the unit. The Supreme Court denied the motion due to, inter alia, the plaintiff's failure to submit an affidavit of service to document that he personally served the defendant with the order to show cause and supporting papers as directed by the court. The plaintiff appeals.
CPLR 2214(d) provides that a "court in a proper case may grant an order to show cause, to be served in lieu of a notice of motion, at a time and in a manner specified therein." The absence of proper service of an order to show cause deprives the court of jurisdiction to entertain the motion (see Young v City of New York, 164 AD3d 711, 713; Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964, 965). However, the court has the power to disregard a technical defect in service when no substantial right of the opposing party is prejudiced (see CPLR 2001; Ruffin v Lion Corp., 15 NY3d 578, 582; Young v City of New York, 164 AD3d at 713). "In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant—notice that must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Ruffin v Lion Corp., 15 NY3d at 582 [internal quotation marks omitted]).
Here, the Supreme Court properly denied the plaintiff's motion due to the plaintiff's failure to personally serve the order to show cause as directed by the court. The plaintiff's failure to serve the order to show cause in compliance with the court's directive was not a mere "technical infirmity" that may be overlooked by the court pursuant to CPLR 2001 (Ruffin v Lion Corp., 15 NY3d at 582 [internal quotation marks omitted]; see Estate of Perlman v Kelley, 175 AD3d 1249, 1251). Contrary to the plaintiff's contention, the personal service directive was not superseded by a subsequent order which adjourned the order to show cause and directed service of the subsequent order on the defendant by certified mail. Nor did the plaintiff establish that he substantially [*2]complied with notice as directed by the court and/or that he served the order to show cause by certified mail.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court