## SD Stability SDIRA, LLC v Maxben Holdings, LLC

2024 NY Slip Op 32556(U)

July 23, 2024

Supreme Court, New York County

Docket Number: Index No. 651424/2024

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   HON. MARGARET A. CHAN                    PART          49M

*Justice*

-----------------------------------------------------------------X

SD STABILITY SDIRA, LLC, MILAN PATEL, and SNEHAL PATEL,

          Plaintiffs,

     - v -

MAXBEN HOLDINGS, LLC,

          Defendant.

-----------------------------------------------------------------X

| INDEX NO. | 651424/2024 |
| MOTION DATE | 04/09/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 10, 11, 12, 13 were read on this motion to/for   JUDGMENT - SUMMARY IN LIEU OF COMPLAINT .

In this action stemming from a breach of two promissory notes dated October 25, 2021, and February 23, 2022, the plaintiff lenders, SD Stability SDIRA, LLC, Milan Patel, and Snehal Patel, seek to recover from defendant the outstanding amounts plus interest in the total amount of $1,851,232.88 on the October 25, 2021 promissory note, and $1,184,512.33 on the February 23, 2022 promissory note. Plaintiffs now move, pursuant to CPLR 3213, for summary judgment in lieu of complaint in light of defendant's alleged defaults under the promissory notes. Defendant opposes the motion on the sole basis that this court lacks personal jurisdiction over defendant due to plaintiffs' violation of the notice requirements under CPLR 3213.

For the following reasons, plaintiffs' motion is denied.

### BACKGROUND

On October 25, 2021, Milan Patel and his wife, Snehal Patel loaned defendant borrower Maxben Holdings (Maxben or defendant) a principal sum of $500,000 pursuant to a loan agreement (the Patel Note) (NYSCEF #3 – Milan Patel aff ¶ 7; NYSCEF # 4 – Patel Note). The Patel Note required defendant to remit monthly interest payments of 12% of the principal in addition to the principal sum on the maturity date of April 27, 2022 (Patel aff ¶¶ 9-10; Patel Note at 1). According to Milan Patel, Maxben did not remit the final payment on the maturity date, but rather only paid $300,000 in interest payments (Patel aff ¶¶ 11-13). Thus, plaintiffs calculate that, as of March 7, 2024, defendant owes $1,851,232.88 on the Patel Note (*id.* ¶ 15). This total amount includes: (i) the $500,000 unpaid principal amount; (ii)

651424/2024  SD STABILITY SDIRA, LLC ET AL vs. MAXBEN HOLDINGS, LLC
Motion No.  001

Page 1 of 4

$1,351,232.88 in accrued interest from the April 27, 2022 maturity date through March 7, 2024; (iii) accruing interest at a per diem rate since March 8, 2024; and (iv) post-judgment interest (*id.*).

Maxben received a second loan in October 2021 from plaintiff SD Stability SDIRA (SD Stability) (*id.* ¶ 16). Milan Patel is the sole manager and a member of SD Stability (NYSCEF # 3, Milan Patel aff, ¶ 3). SD Stability loaned Maxben a principal sum of $500,000 pursuant to a loan agreement (the SD Note) (*id.* ¶ 16; NYSCEF # 5 – SD Note). The SD Note required Maxben to remit monthly interest payments of 10% in addition to the $550,000 principal sum on the maturity date of August 23, 2022 (Patel aff ¶ 9-10, 18-19). According to Milan Patel, Maxben did not remit the final payment on the maturity date, but rather only paid $150,000 in interest payments (Patel aff ¶¶ 20-22). Maxben subsequently paid a total of $245,000 to satisfy three outstanding interest payments and also paid $95,000 towards the outstanding principal sum (*id.* ¶23). Plaintiffs allege that, as of March 7, 2024, defendant owes $1,184,512.33 on the SD Note (*id.* ¶ 26). This include: (i) the $415,000 unpaid principal amount; (ii) $769,512.33 in accrued interest from the August 23, 2022 maturity date through March 7, 2024; (iii) accruing interest at a per diem rate since March 8, 2024; and (4) post-judgment interest (*id.*).

To recover the unpaid amounts on the Loans, plaintiffs commenced this action by filing Summons with Notice on March 19, 2024 (NYSCEF #1). Plaintiffs subsequently filed an "Amended Notice of Motion for Summary Judgment In Lieu of Complaint" on March 19, 2024, but dated March 20, 2024 (the Notice) (NYSCEF # 2 – Notice). The Notice set a return date of April 9, 2024 (NYSCEF # 2). The Notice, along with the Motion for Summary Judgment In Lieu of Complaint and related documents were served on defendant on March 21, 2024 (NYSCEF # 9 – aff of service). As a result, the posted return date of April 9, 2024, is 19 days after the date that service was effectuated (NYSCEF #9; NYSCEF #10 – Thompson aff ¶ 9).

Plaintiffs' counsel explains that April 9, 2024, was the return date because plaintiffs incorrectly assumed that service would be complete by March 20, 2024 (NYSCEF #12 – Bhattacharya aff ¶ 5). Instead, plaintiffs' process server could not personally serve defendant's representative on March 19, 2024, but was able to do so two days later, on March 21, 2024 (*id.* ¶ 7). Plaintiffs also mailed the papers to Borrower via certified mail on March 21, 2024, and emailed defendant's counsel with the papers on March 27, 2024 (*id.* ¶¶ 8-9). Plaintiffs allege that defendant's counsel filed its affidavit before plaintiffs had the opportunity to file an Amended Notice of Motion requesting a later return date (Thompson aff ¶ 14).

## DISCUSSION

Defendant argues that the motion for summary judgment in lieu of complaint must be denied because plaintiffs failed to give defendant legally sufficient advance notice of the motion. The court agrees.

**651424/2024   SD STABILITY SDIRA, LLC ET AL vs. MAXBEN HOLDINGS, LLC**
**Motion No.  001**

Page 2 of 4

The minimum time for a motion for summary judgment in lieu of complaint to be noticed is the time provided by CPLR 320[a] for a defendant to make an appearance (*see* CPLR 3213). CPLR 320[a], in turn, provides that a defendant's appearance shall be made within 20 days after service of the summons unless service was made pursuant to a specifically enumerated CPLR provision (CPLR 320[a]). Here, service on defendant, a limited liability company, was effectuated under CPLR 311[a] and the 20-day period for defendant's appearance after notice as provided in CPLR 320[a] applies.

A CPLR 3213 motion may not have a return date prior to when the defendant's time to appear elapses (*Vazquez v Fifth Ave. Men's Suits LLC*, 2023 NY Misc LEXIS 8274 [Sup Ct, NY County Oct. 10, 2023] [citing *Alpine Capital Bank v Estate of Shiah*, 2020 NY Slip Op 50587[U] at *3 [Sup Ct, NY County May 20, 2020]]). Making a motion returnable before the time to appear expires is a "fatal jurisdictional defect" (*Bhanti v Jha*, 140 AD3d 685, 686 [2d Dept 2016] [citing *Segway of NY, Inc. v Udit Group, Inc.*, 120 AD3d 789, 792 [2d Dept 2014]]). And courts "may not overlook" such defects (*id.* [quoting *Ruvvin v Lion Corp.*, 15 NY3d 578, 583 [2010]]).

In this case, service of the complaint was effectuated pursuant to CPLR 311(a) on defendant, a limited liability company (*see* NYSCEF # 9). As such, the time for defendant to make an appearance, and the minimum time that the present motion must be noticed, is 20 days (*see* CPLR 320[a]). There is no dispute that service of the motion papers on defendant occurred on March 21, 2024 (*see* NYSCEF #9; Bhattacharya aff ¶ 7). Yet, as noted above, the motion's return date of April 9, 2024, is only 19 days after service was complete (*see* NYSCEF # 9; Bhattacharya aff ¶ 5). As a result, although plaintiffs contend that they would have filed an amended of notice of motion but for defendant's filing of its attorney's affidavit to contest the motion, it is nevertheless the case that plaintiffs made the motion returnable prior to the expiration of defendant's time to appear. This clear and fatal jurisdictional defect plainly warrants dismissal for lack of jurisdiction.

To avoid this outcome, plaintiffs argues that an untimely return date is not a "fatal jurisdictional defect" (Pltfs' Reply at 7 quoting *Bhanti,* 140 AD3d at 686). However, plaintiffs argue that *Bhanti* has been superseded by *Blue Lagoon, LLC v Reisman* (214 AD3d 938 [2d Dept 2023]). In *Blue Lagoon*, the Second Department found that although the return date on plaintiff's original CPLR 3213 motion was defective, defendant had notice of the motion, and the motion was adjourned several times. Critically, plaintiff subsequently amended its notice of motion for summary judgment in lieu of complaint, which, the Second Department found, afforded defendant sufficient time under CPLR 320 and CPLR 3213 (*id.* at 941-942). Thus, plaintiffs' contention that *Bhanti* was superseded by *Blue Lagoon* misses the mark. Unlike the plaintiff in *Blue Lagoon*, plaintiffs here only contemplated filing an amended notice of motion; they never effectuated that plan. Thus, there remains only plaintiffs' defective notice.

**651424/2024  SD STABILITY SDIRA, LLC ET AL vs. MAXBEN HOLDINGS, LLC**
**Motion No. 001**

**Page 3 of 4**

Plaintiffs next contend that defendant is not prejudiced because defendant made a timely appearance, thus allowing the court to disregard the present jurisdictional defect (NYSCEF # 11 at 6). Plaintiffs quotes from *ICICI Bank UK PLC Antwerp Branch v Manilal* (2020 NY Slip Op 31606[U] [Sup Ct, NY County 2020]) to assert that "where a defendant appears and opposes [a] motion . . . the court may disregard the fact that the return date did not satisfy the time requirements set forth in CPLR 3213" (*id.* at **9). Upon review of *ICICI Bank*, the ellipsis in plaintiff's' quote omitted three critical words – "on the merits." (*id.*). Plaintiffs further cite cases in support of this proposition, however, these cases all involved an adjournment extending the previously noticed motion's return date (*see e.g. Quartix Finance Inc. v KSH Brands LLC* (2023 WL 4464105, at *5 [Sup Ct, NY County, July 10, 2023] [finding that despite the defective return date of the CPLR 3213 motion, the parties twice stipulated to adjourn plaintiff's motion for defendant to oppose the motion *on the merits*] emphasis supplied]).

Here, the parties did not stipulate to nor did defendant seek any extensions or adjournments, so this not an issue that needs addressing. While it is true that defendant opposed this motion; defendant's only challenge goes to the lack of personal jurisdiction (NYSCEF # 10, Deft's MOL). Significantly, defendant did not oppose the motion on the merits (*cf. Quartix Finance Inc.*, 2023 WL 4464104 at *5). What remains is a defective notice of motion that did not give defendant sufficient time pursuant to CPLR 3213, which is a fatal jurisdictional defect requiring dismissal (*Bhanti* 140 AD3d at 686; *see also Vazquez v Fifth Ave. Men's Suits LLC*, 80 Misc 3d 1226(A) [Sup Ct, NY County 2023] [dismissing CPLR 3213 action for return date posted 2 days before deadline]; *Blue Line Drywall & Bldr., Inc. v SAM NJ 44 Stelton, LLC*, 78 Misc 3d 1238(A) [Sup Ct, NY County 2023] [same]). The defective notice of the motion for summary judgment in lieu of complaint mandates dismissal of the motion.

Accordingly, it is ORDERED that plaintiffs' motion for summary judgment in lieu of complaint is denied and this case is dismissed for lack of jurisdiction; and it is further

ORDERED that counsel for defendant shall serve a copy of this decision, along with notice of entry, on plaintiffs within ten days of this filing.

| 07/23/2024 | | | MARGARET A. CHAN, J.S.C. |
| --- | --- | --- | --- |
| **DATE** | | | |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

651424/2024  SD STABILITY SDIRA, LLC ET AL vs. MAXBEN HOLDINGS, LLC                    Page 4 of 4
Motion No.  001

4 of 4