Baptiste v County of Suffolk (2025 NY Slip Op 04618)

Baptiste v County of Suffolk

2025 NY Slip Op 04618

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-11843
 (Index No. 259/21)

[*1]Anthony H. Baptiste, respondent, 
v
County of Suffolk, et al., appellants.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Susan A. Flynn of counsel), for appellants.
Anthony H. Baptiste, Hudson, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for violation of CPL 160.55, the defendants appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 11, 2023. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint is granted.
In December 2021, the plaintiff commenced this action against the defendants, County of Suffolk, Suffolk County Police Department, Geraldine Hart, and Janine Keleghan, inter alia, to recover damages for violation of CPL 160.55. The plaintiff, who was incarcerated, attempted to serve the summons and complaint on each of the defendants by certified mail, return receipt requested. In March 2022, the plaintiff filed an amended summons and complaint and attempted to serve the amended summons and complaint on each of the defendants again via certified mail, return receipt requested. Approximately four months later, in July 2022, the plaintiff filed affidavits of service, which stated that on June 22, 2022, service was effected on each of the defendants by delivery of the summons and complaint to a person authorized to accept service. The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint for lack of personal jurisdiction. In an order dated January 12, 2023, the Supreme Court noted that the plaintiff failed to properly serve the defendants with either the original summons and complaint or the amended summons and complaint, granted the plaintiff a 30-day extension of time to effect service upon the defendants in the interests of justice and for good cause shown, and denied the defendants' motion. Thereafter, the plaintiff filed a single affidavit of service reflecting that he mailed a copy of the amended summons to the Suffolk County Police Department within the requisite 30-day period.
In March 2023, the defendants again moved, among other things, pursuant to CPLR 3211(a) to dismiss the amended complaint for lack of personal jurisdiction. In an order dated October 11, 2023, the Supreme Court, citing CPLR 2001, denied the motion. The defendants appeal.
"'A court lacks jurisdiction over a defendant who is not properly served with process'" (Pil Yong Yoo v Good Clean Fun, 222 AD3d 793, 794, quoting Everbank v Kelly, 203 [*2]AD3d 138, 142). Pursuant to CPLR 311(4), service upon a county is made by personal delivery to a person authorized to accept service under that statute (see Matter of Eso v Westchester County, 131 AD2d 542). "'[S]ervice of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308'" (Pil Yong Yoo v Good Clean Fun, 222 AD3d at 794, quoting Everbank v Kelly, 203 AD3d at 143).
CPLR 308(2) provides, in pertinent part, that personal service may be made upon a defendant by delivery of the summons upon "a person of suitable age and discretion at the actual place of business . . . of the person to be served and by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business . . . , such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing whichever is effected later; service shall be complete ten days after such filing." "'Jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with'" (Estate of Perlman v Kelley, 175 AD3d 1249, 1250 [internal quotation marks omitted], quoting Josephs v AACT Fast Collections Servs., Inc., 155 AD3d 1010, 1012). Here, the plaintiff failed to satisfy his prima facie burden of demonstrating that he properly effected service upon the defendants (see Lang v Wycoff Hgts. Med. Ctr., 55 AD3d 793, 793). It is undisputed that the plaintiff's attempts at service of process did not strictly comply with the service requirements of CPLR 308(2) or CPLR 311 (see id. §§ 308, 311[4]; Matter of Eso v Westchester County, 131 AD2d 542).
Contrary to the determination of the Supreme Court, CPLR 2001 may not be used to disregard the plaintiff's failure to properly serve the defendants with process. "'The court's ability to apply CPLR 2001 . . . presupposes that the court has acquired jurisdiction'" (Grskovic v Holmes, 111 AD3d 234, 240, quoting Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2001 at 228-230). Thus, "CPLR 2001 may be used to cure only a 'technical infirmity'" in effecting service (Ruffin v Lion Corp., 15 NY3d 578, 582, quoting Matter of Miller v Board of Assessors, 91 NY2d 82, 87; see Serrao v Slope Stor., 223 AD3d 927, 927). "'In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant—notice that must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" (Segway of N.Y., Inc. v Udit Group, Inc., 120 AD3d 789, 791, quoting Ruffin v Lion Corp., 15 NY3d at 582). "Defendant's actual receipt of the summons and complaint is not dispositive of the efficacy of service" (Ruffin v Lion Corp., 15 NY3d at 583; see Segway of N.Y., Inc. v Udit Group, Inc., 120 AD3d at 791).
Here, notwithstanding the plaintiff's status as an incarcerated pro se litigant, the plaintiff's failure to comply with the personal delivery requirements of CPLR 308(2) and CPLR 311, or to effect the requisite mailings within the required time period under CPLR 308(2) are jurisdictional defects that the Supreme Court may not overlook pursuant to CPLR 2001 (see Ruffin v Lion Corp., 15 NY3d at 582; Williams v MTA Bus Co., 224 AD3d 467, 468; Estate of Perlman v Kelly, 175 AD3d at 1250-1251; see also Serrao v Slope Stor., 223 AD3d at 927; Brown v State of New York, 114 AD3d 632, 632). Accordingly, the court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
The defendants' remaining contention need not be reached in light of our determination.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court