## Columbus Park Owners, Inc. v McCartin

2026 NY Slip Op 31009(U)

March 17, 2026

Supreme Court, New York County

Docket Number: Index No. 653169/2025

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      **HON. NICHOLAS W. MOYNE**                    PART                    41M

*Justice*

--------------------------------------------------------------------------------X

COLUMBUS PARK OWNERS, INC.,                    INDEX NO.          653169/2025

                Plaintiff,                    MOTION DATE          06/05/2025

- v -                    MOTION SEQ. NO.          001

JAMES MCCARTIN, JAMES O'HANLON                    **DECISION + ORDER ON**
**MOTION**

                Defendant.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14

were read on this motion to/for          JUDGMENT - SUMMARY IN LIEU OF COMPLAINT .

Upon the foregoing documents, it is

In this action, plaintiff Columbus Park Owners, Inc. moves for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking to recover $171,503.88 based upon defendants James McCartin and James O'Hanlon's alleged default under a Surrender and Release Agreement and an associated guaranty. The defendant James McCartin opposes the motion, asserting a single defense: that this Court lacks personal jurisdiction over him because the plaintiff failed to provide the statutorily required advance notice under CPLR 3213.

The plaintiff's motion must be denied and the action dismissed due to a lack of personal jurisdiction based on the motion's return date providing the defendant with insufficient time to oppose or respond to the motion. According to the record, the plaintiff effectuated service of the summons and motion papers upon defendant McCartin pursuant to CPLR 308(4), commonly known as "nail and mail" service. The affidavit of service was filed with the court on July 7, 2025. The plaintiff's Notice of Motion established a return date of August 19, 2025. Furthermore, the Notice of Motion explicitly demanded that "[o]pposing papers, if any, must be served on Plaintiff's Attorney no less than ten (10) days prior to the return date herein".

CPLR § 3213 provides that when an action is based upon an instrument for the payment of money only, the plaintiff may serve, with the summons, a notice of

[* 1]

motion for summary judgment and the supporting papers in lieu of a complaint. Pursuant to CPLR § 3213, the minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance and is dependent on the method of service. Normally, under CPLR § 320(a), the defendant would have twenty (20) days after service is complete to appear in an action.  However, when service is made via "nail and mail" under CPLR 308(4), service is deemed complete 10 days after the affidavit of service is filed. Following the completion of service, the defendant who has been served in that manner has 30 days to appear and/or answer.  CPLR 3213 further provides that if the plaintiff wishes to demand answering papers up to 10 days prior to the hearing date, the plaintiff must set the hearing date *later* than the minimum statutory time required for the defendant to appear.

Applying these statutory timeframes to the present case reveals a fatal defect in the plaintiff's papers. The affidavit of service was filed on July 7, 2025. Adding 10 days, service was completed on July 17, 2025. The defendant's 30-day period to answer began to run from that date, meaning his statutory deadline to appear fell on Saturday, August 16, 2025. Pursuant to General Construction Law § 25-a, this deadline automatically extended to the next business day: Monday, August 18, 2025.

The plaintiff set the motion's return date for August 19, 2025—technically one day after the defendant's extended time to answer expired. Crucially, however, the plaintiff simultaneously demanded that the defendant serve opposing papers 10 days prior to the return date. This demand required the defendant to serve his opposition by August 9, 2025, which was 9 days before his statutory time to answer actually expired.

The caselaw governing this specific miscalculation is clear and strictly applied.  As established in *Goldstein v Saltzman*, when a plaintiff utilizes "nail and mail" service and demands early answering papers, the plaintiff must calculate the return date by aggregating the 10 days for service completion, the 30 days for appearing, *plus* the number of days demanded for the early answer. (*see Goldstein v Saltzman*, 13 Misc3d 1023, 1027-1028 [Sup. Ct. Nassau 2006]).  When the return date falls short of this aggregated calculation, the notice is defective. CPLR 3213 gives the plaintiff a clear option, that is, either make the motion returnable as soon as possible and permit the defendant to file its opposition papers on the return date or demand opposition papers in advance and give the defendant additional time in which to oppose the motion.

It appears to be the case that this case presents an issue which is not directly addressed by the statute nor by any appellate authority that the Court is aware of. The issue being how the court should treat a motion for summary judgment in lieu of complaint where the return date has provided the minimum notice required by the statute, but the movant has also demanded answering papers before the statutory time to answer has actually expired. In the opinion of this Court, the logic in the *Goldstein* decision is unassailable and any contrary result would clearly defeat the purpose of the Legislature in making sure parties have had adequate time to respond to requests for expedited relief.

Appellate courts have long held that a motion for summary judgment pursuant to CPLR 3212 is properly denied for failure to provide sufficient time in the notice of motion defendants to respond. (*see National Bank of Canada v Skydell,* 181 AD2d 645, 646 [1st Dept 1992]). Based on that clear principle, lower courts have followed the lead of *Goldstein* and held that when a movant demands answering papers on or before the date the defendant is statutorily required to appear or answer, the motion papers are defective and the motion must be denied (*see e.g., National Funding v Miller*, 83 Misc3d 1258[A] [Sup Ct. Kings County 2024]; *Cadles of Grassy Meadows II v Su Casa Realty & Travel Corp.*, 2021 WL 5331553 [Sup Ct. NY County 2021]. While some may argue this is a hyper-technical reading of the statute that should not be utilized in the absence of a showing of actual prejudice to the defendant, the Court disagrees (*but see Gallant Funding, L.P. v Tocci*, 34 Misc3d 1220[A] [Sup Ct Kings County 2011]). Noticing a CPLR 3213 motion and requesting opposition papers prior to the expiration of the defendant's time to appear is a fatal jurisdictional defect that strips the court of personal jurisdiction. In this case, it prejudiced the defendant's right to have sufficient time to prepare an adequate response and/or defense to the motion. This Court will not overlook such a defect as a mere technicality (*see Bhanti v Jha*, 140 AD3d 685, 686 [2d Dept 2016]; *Segway of NY, Inc. v Udt Group, Inc.*, 120 AD3d 789, 792 [2d Dept 2014]).

Because the plaintiff's demand for answering papers effectively deprived the defendant James McCartin of his statutorily guaranteed time to respond, the Court lacks personal jurisdiction over that defendant. Accordingly, the action must be dismissed without prejudice as to the defendant James McCartin. However, the motion is granted as to the defendant James O'Hanlon. The plaintiff may submit a proposed order and judgment as to that defendant in PDF and Word format by emailing the part at sfc-part41@nycourts.gov.

Accordingly, it is hereby:

[* 3]

**ORDERED** that the plaintiff's motion for summary judgment in lieu of complaint is denied as to the defendant James McCartin, and the action is dismissed without prejudice of lack of personal jurisdiction as to the defendant James McCartin.; and it is further

**ORDERED** that the motion is granted as to the defendant James O'Hanlon and the plaintiff may submit order and judgment as set forth above.

The forgoing constitutes the decision and order of this court.

| 3/17/2026 | |
| --- | --- |
| **DATE** | **NICHOLAS W. MOYNE, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | X | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

653169/2025   COLUMBUS PARK OWNERS, INC. vs. MCCARTIN, JAMES ET AL          Page 4 of 4
Motion No.  001

4 of 4