Blue Lagoon, LLC v Reisman (2023 NY Slip Op 01657)

Blue Lagoon, LLC v Reisman

2023 NY Slip Op 01657

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-01274
 (Index No. 525849/19)

[*1]Blue Lagoon, LLC, respondent,
v
Elias Reisman, etc., et al., appellants.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz and Moshe H. Naghdi of counsel), for appellants.
The Margolin & Weinreb Law Group, LLP, Syosset, NY (Andrew Goldberg and Owen Robinson of counsel), for respondent.

DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 28, 2021. The order denied the defendants' motion to vacate a judgment of the same court entered June 24, 2020, which, upon an order of the same court (Larry D. Martin, J.) dated June 17, 2020, granting the plaintiff's unopposed motion for summary judgment in lieu of complaint, is in favor of the plaintiff and against the defendants in the principal sum of $295,696.01.
ORDERED that the order dated January 28, 2021, is reversed, on the law and in the exercise of discretion, the defendants' motion to vacate the judgment is granted, the judgment and the order dated June 17, 2020, are vacated, and the matter is remitted to the Supreme Court, Kings County, to allow the defendants to submit answering papers to the plaintiff's motion for summary judgment in lieu of complaint, and for a new determination of the plaintiff's motion thereafter.
On November 25, 2019, the plaintiff commenced this action by filing a summons with the office of the Kings County Clerk. Simultaneously, pursuant to CPLR 3213, the plaintiff filed a notice of motion for summary judgment in lieu of complaint (hereinafter the plaintiff's motion). The notice of motion set a motion return date of March 24, 2020.
According to an affirmation of service dated November 25, 2019, copies of the summons, notice of motion for summary judgment in lieu of complaint, and supporting documents and exhibits were served on the defendants on November 25, 2019, by first-class mail. According to affidavits of service filed on March 18, 2020, on March 13, 2020, the defendant Elias Reisman was personally served with process, while the defendant Peshe Reisman was served with process via a person of suitable age and discretion, to wit: Elias Reisman.
The return date of the plaintiff's motion was administratively adjourned three times, ultimately to June 17, 2020. On June 4, 2020, the plaintiff filed an amended notice of motion for summary judgment in lieu of complaint, with a return date of June 17, 2020. The plaintiff served the amended notice of motion and supporting papers and exhibits on the defendants by first-class [*2]mail. The defendants did not oppose the motion.
In an order dated June 17, 2020, the Supreme Court granted the plaintiff's unopposed motion for summary judgment in lieu of complaint. On June 24, 2020, a judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $295,696.01.
On August 21, 2020, the defendants moved by order to show cause pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment, to reinstate the plaintiff's motion, and to permit the defendants to submit opposition to that motion. In an order dated January 28, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
"When a party seeking to vacate an order entered upon default seeks both a discretionary vacatur pursuant to CPLR 5015(a)(1) and raises a jurisdictional objection under CPLR 5015(a)(4), the jurisdictional question must be resolved before determining whether it is appropriate to grant discretionary vacatur of the default under CPLR 5015(a)(1)" (Vapnersh v Tabak, 131 AD3d 472, 473).
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . lack of jurisdiction to render the judgment or order." "Jurisdiction is a word of elastic, diverse, and disparate meanings" (Lacks v Lacks, 41 NY2d 71, 74). "A statement that a court lacks 'jurisdiction' to decide a case may, in reality, mean that the elements of a cause of action are absent. Similarly, questions of mootness and standing of parties may be characterized as raising questions of subject matter jurisdiction" (id. at 74 [citation omitted]). "But these are not the kinds of judicial infirmities to which CPLR 5015[(a)(4)] is addressed. That provision is designed to preserve objections so fundamental to the power of adjudication of a court that they survive even a final judgment or order" (id. at 74-75 [emphasis added]).
Thus, the scope of CPLR 5015(a)(4) includes a motion "rest[ing] on a lack of subject matter jurisdiction, but more frequently . . . based on a lack of personal jurisdiction" (Siegel & Connors, NY Prac § 430 [6th ed December 2022 Update]). Additionally, "improper service of a motion provides a complete excuse for default on a motion and deprives the court of jurisdiction to entertain the motion" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 124-125). Likewise, "the failure to provide a defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur pursuant to CPLR 5015(a)(4)" (id. at 125).
CPLR 3213 provides that "[w]hen an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a notice of motion for summary judgment and . . . supporting papers in lieu of a complaint." CPLR 3213 further states that "[t]he summons served with such motion papers shall require the defendant to submit answering papers on the motion within the time provided in the notice of motion. The minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance, depending upon the method of service."
Under CPLR 3213, "[t]he defendant, instead of serving an appearance and answer, serves and files papers in opposition to the summary judgment motion on or before the date specified in the notice of motion. The opposition papers qualify as an appearance" (Mark C. Dillon, Practice Commentary, McKinney's Cons Laws of NY, CPLR C3213:1 [2021] [emphasis added]). This is because "[t]he procedure of CPLR 3213 is, in effect, a 'motion-action' . . . akin to a special proceeding under CPLR Article 4, where the petition and its answer may oftentimes be decided in an expedited manner upon the papers submitted" (id.).
Under CPLR 320(a), "[a]n appearance shall be made within twenty days after service of the summons, except that if the summons was served on the defendant [under] subdivision two, three, four or five of section 308 . . . the appearance shall be made within thirty days after service is complete."
Here, Elias Reisman was personally served with process under CPLR 308(1) on March 13, 2020. Thus, under CPLR 3213, the earliest date by which he could have been required to file answering papers to the plaintiff's motion was April 2, 2020, 20 days after service upon him was complete. Similarly, on March 18, 2020, the plaintiff filed proof of service upon Peshe Reisman, which established that Peshe Reisman was served via a person of suitable age and discretion pursuant to CPLR 308(2). As such, the earliest date by which Peshe Reisman could have been required to file answering papers to the plaintiff's motion was April 27, 2020, 30 days after completion of service of process upon her (see id.). Despite this, the plaintiff's motion had an original return date of March 24, 2020, which did not provide the defendants with sufficient time under CPLR 320(a) and 3213 to file answering papers.
However, neither defendant disputes receiving the summons and original notice of motion and supporting papers sent to them by first-class mail in November 2019. Moreover, the defendants' affidavits establish that they were on notice of the plaintiff's motion, as both defendants averred that they had continuously checked the eCourts website, and were aware that the plaintiff's motion had been adjourned on numerous occasions. To the extent that the plaintiff's original notice of motion for summary judgment in lieu of complaint provided inadequate time within which the defendants could file answering papers, the plaintiff filed an amended notice of motion for summary judgment in lieu of complaint, of which the defendants do not deny service. Thus, under the particular circumstances of this case, the plaintiff's failure to provide an adequate return date on its original notice of motion was not a fatal defect that deprived the Supreme Court of jurisdiction over the action (see Capolino v Goren, 155 AD3d 1414, 1415-1416; cf. Bhanti v Jha, 140 AD3d 685, 686; Segway of N.Y., Inc. v Udit Group, Inc., 120 AD3d 789, 791-792).
However, the defendants established that on the date that the Supreme Court decided the plaintiff's motion for summary judgment in lieu of complaint, the time by which the defendants were required to appear and file answering papers to the motion had not lapsed. On March 20, 2020, on which date the time for the defendants to file answering papers had not lapsed, former Governor Andrew M. Cuomo issued Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), which provided: "I hereby temporarily suspend or modify, for the period [of] the date of this Executive Order through April 19, 2020 the following: In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules . . . is hereby tolled from the date of this executive order until April 19, 2020" (emphasis added). The former Governor "issued a series of nine subsequent executive orders that extended the suspension or tolling period, eventually through November 3, 2020" (Brash v Richards, 195 AD3d 582, 583).
In Brash v Richards, this Court determined that Executive Order 202.8 and the subsequent executive orders acted to toll those specific time limits contained in the CPLR and listed in the executive orders (see id. at 582). Executive Order 202.8 and the subsequent executive orders "appear to apply to the service of the notice of appearance" (Siegel & Connors, NY Prac § 33 [6th ed December 2022 Update]), but "do[ ] not expressly apply to toll the defendant's time to serve an answer" (id.). However, given the hybrid nature of the "motion-action" under CPLR 3213, in which the filing of answering papers is akin to the service of a notice of appearance or an answer (Mark C. Dillon, Practice Commentary, McKinney's Cons Laws of NY, 2021, CPLR C:3213:1 [2021] [internal quotation marks omitted]; see CPLR 3213), combined with the desire to preserve the status quo for litigants during the COVID-19 pandemic (see Louis Monteleone Fibres, Ltd. v Kejriwal Newsprint Mills LLC, 2020 NY Slip Op 33853[U], *2 [Sup Ct, NY County]), under Executive Order 202.8 and the subsequent executive orders, neither defendant was required to appear and file answering papers (see Brash v Richards, 195 AD3d 582; Person v PSI Sys., Inc., 73 Misc 3d 1220[A], 2021 NY Slip Op 51093[U], *6 [Sup Ct, NY County]; Kopelvich & Feldsherova, P.C. v Art of Healing Medicine, P.C., 2021 NY Slip Op 32180[U], *3 [Sup Ct, Kings County]; Whitsons Food Serv. [Bronx] Corp. v Meglio 1 Corp., 2021 NY Misc LEXIS 3212, *4 [Sup Ct, Suffolk County, Index No. 607427/2020]; Louis Monteleone Fibres, Ltd. v Kejriwal Newsprint Mills LLC, 2020 NY Slip Op 33853[U], *2-3; Callisonrtkl Inc. v Envirochrome Interiors, Inc., 2020 NY Slip [*3]Op 33510[U], *3-4 [Sup Ct, NY County]).
Accordingly, the Supreme Court should have granted the defendants' motion to vacate the judgment, allowed the defendants to submit answering papers to the plaintiff's motion for summary judgment in lieu of complaint, and then made a new determination of the plaintiff's motion.
In light of our determination, we need not consider the defendants' remaining contention.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court