| |
|---|
| **Newbank v 100 Broad St. LLC** |
| 2024 NY Slip Op 33905(U) |
| October 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650246/2024 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MELISSA A. CRANE       PART       60M

*Justice*

-------------------------------------------------------------------X

NEWBANK,

                  Plaintiff,

           - v -

100 BROAD STREET LLC,ESSEN22 LLC,JOHN BYUN,
CAROLINE KIM

                 Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650246/2024 |
| MOTION DATE | 10/29/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 20, 21, 22, 23, 24, 25, 26

were read on this motion to/for       RENEW/REARGUE/RESETTLE/RECONSIDER .

In Motion Seq. No. 01, plaintiff moved for summary judgment in lieu of complaint against defendants. The court denied the motion because plaintiff did not assert that it had standing to maintain this action. Now, in Motion Seq. No. 02, plaintiff moves to renew the prior motion. Upon renewal, plaintiff asks the court to vacate the prior decision and to enter an order granting plaintiff's CPLR 3213 motion (MS 01).

Leave to renew is granted. In support of the motion to renew, plaintiff has now established that it has standing to maintain this action (*see* Docs 23-25). Motion seq. no. 02 is unopposed. The court will address the merits of plaintiff's motion for summary judgment in lieu of complaint below.

## Background

Paintiff loaned $2,900,000 to defendant-borrower 100 Broad Street LLC in 2015 (*see* Doc 3, ¶ 9 [Sang Min Ahn aff], Doc 4 [Note]). The note states that "Borrower is in default under this Note if Borrower does not make a payment when due under this Note...." (Doc 4, § 4 [note]).

[* 1]

Additionally, in the event of a default, "[w]ithout notice or demand and without giving up any of its rights, Lender may [] [r]equire immediate payment of all amounts owing under this Note" and "[c]ollect all amounts owing from any Borrower or Guarantor" (*id.* at § 5 [A], [B]).

Under the note, borrower agreed to make twelve monthly interest payments beginning on 8/10/15. The following year (i.e., beginning on the 13th month after the note was executed), borrower was to begin making monthly interest and principal payments of $34,103.99 (Doc 4, para 3). All outstanding principal and interest would be due upon the note's maturity date, 7/10/25.

Plaintiff's senior vice president, Sang Min Ahn, states that borrower defaulted under the Note by failing to make its monthly payment of principal and interest on September 10, 2021. Further, Borrower has not made any monthly payments since it missed that payment (Doc 3, para 12 [Ahn aff]).

In consideration of the Loan, the other defendants (Essen22 LLC, Byun, and Kim) each executed an "Unconditional Guarantee" on July 10, 2015 (*see* Doc 3 ¶ 10, Doc 5 [Guarantees]). Each guarantee provides:

> "Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor"

(Doc 5, § 1).

In addition, the Guarantors waived "all rights to . . . [r]equire presentment, protest, or demand upon Borrower," and "any notice of [] [a]ny default under the Note" (*id.* at §§ 6 [A] [1], 6 [B] [1]).

Plaintiff asserts that it demanded payment from the borrower and the guarantors, and no payment was tendered. Plaintiff moves for judgment in lieu of a complaint against the defendants

under the note and the guarantees. It seeks a judgment in the amount of $1,966,044.11, including: $1,685,193.40 for unpaid principal; $238,295.98 for unpaid interest through 8/5/23; $38,554.73 for late charges; and $4,000 for attorneys' fees (Doc 3, ¶ 8). Plaintiff also seeks additional pre-judgment interest from 8/5/23 until entry of judgment.

The individual defendants-guarantors, Byun and Kim, oppose the CPLR 3213 motion. Neither entity defendant submitted opposition to this motion nor appeared in this case.

## DISCUSSION

CPLR 3213 provides for accelerated judgment where the instrument sued upon is for the payment of money only and the right to payment can be ascertained from the face of the document without regard to extrinsic evidence, "other than simple proof of nonpayment or a similar *de minimis* deviation from the face of the document" (*Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [Ct App 1996]; *see Arbor-Myrtle Beach PE LLC v Frydman*, 2021 NY Slip Op. 30223[U], 2 [Sup Ct, NY County 2021], *affd* 2022 NY Slip Op. 00806 [1st Dept 2022]).

The same standards that apply to motions for summary judgment under CPLR 3212 apply to CPLR 3213 motions. Movant must make a prima facie case by submitting the instrument and evidence of the defendant's failure to make payments in accordance with the instrument's terms (*see Weissman*, 88 NY2d at 444; *Matas v Alpargatas S.A.I.C.*, 274 AD2d 327, 328 [1st Dept 2000]).

1. Service

In the notice of motion, plaintiff set the return date for 3/27/24. Answering papers were demanded 10 days earlier, by 3/17/24. Plaintiff served Essen22 and 100 Broad Street per LLC Law Section 303 (secretary of state) on 2/12/24 (Doc 8 [entity AOSs]). Plaintiff served Byun by personal service at his home on 2/10/24. Plaintiff served Kim by leaving a copy with Byun at their

[* 3]

home on 2/10/24 and by mailing a copy to Kim on 2/12/24. Service on Kim was not sufficient initially (CPLR 308 [2] [service by delivery to a person of suitable age and discretion is not effective until 10 days after proof of service is filed]). However, plaintiff and the individual defendants [Byun and Kim] twice stipulated to extend the return date for MS 01 and waived any jurisdictional defenses (Docs 11-12) (*see Quartix Fin. Inc. v KSH Brands LLC*, 2023 N.Y. Slip Op. 32453[U], 6-7 [Sup Ct, New York County 2023], citing *Blue Lagoon, LLC v Reisman*, 214 AD3d 938, 941-942 [2d Dept 2023]).

2. Plaintiff's prima facie burden

Plaintiff has satisfied its burden of establishing its prima facie entitlement to judgment as a matter of law against defendants for unpaid principal, interest, and other amounts under the note and guarantees. The note and guarantees are plainly instruments for the repayment of money only (e.g., Doc 5, section 1 ["Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note."]). Plaintiff's submissions demonstrate that it issued a $2,900,000 loan to defendant 100 Broad Street LLC, and that this borrower failed to make monthly payments beginning in September 2015. This is a default under the note (Doc 4, section 4). Upon default, plaintiff was entitled to "[r]equire immediate payment of all amounts owing," and to "[c]ollect all amounts owing from any Borrower or Guarantor" (*id.*, section 5). Likewise, the guarantor defendants agreed to pay all amounts due and owing under the note (Doc 5). Guarantors also waived notice of any note default, demand, or presentation (*id.*).

Ahn establishes that plaintiff was owed $1,685,193.40 for unpaid principal as of the date of the default (Doc 3, para 16; *see also* Doc 16 at 17-20 [reply papers and exhibits confirming the principal amount owed]). Plaintiff is also entitled to contractual interest under the note. The note provided for an initial 5.5% interest rate that plaintiff could change (Doc 4, section 3). However,

plaintiff did not change the rate. The interest rate applied here was 5.5% up to defendants' default. Thus, plaintiff established that it is entitled to contractual interest at the rate of 5.5% per annum on the outstanding principal amount owed, $1,685,193.40, from 9/10/21 until entry of judgment. The note does not provide for increased default rate interest and plaintiff does not seek it.

However, plaintiff has not established its prima facie case with regard to the late charges. Although the note provides that "Lender may charge Borrower a late fee of up to 5% of the unpaid portion of the regularly scheduled payment" if the payment is more than 10 days later (Doc 4 § 3), plaintiff's moving papers do not adequately set forth the unpaid monthly payment amounts, or the corresponding late charges assessed. Plaintiff's lump sum late for late charges is unsupported and insufficient. Moreover, plaintiff's reply papers do not eliminate all issues of fact as to late charges. Accordingly, plaintiff is not entitled to late charges on this record.

In addition, plaintiff does not establish a prima facie case with respect to attorneys' fees because it does not submit any invoices to support the amount requested. The court cannot determine whether the requested fees are reasonable without support. Thus, the court denies the parts of plaintiff's motion seeking attorneys' fees without prejudice to a new motion.

3. Defendants' opposition

Defendants 100 Broad Street LLC and Essen22 LLC have neither appeared in this action nor opposed this motion. However, Byun's and Kim's attorney opposes the CPLR 3213 motion in his attorney affirmation (Doc 13) and his [unverified] "Defendants' response to plaintiff's undisputed material facts" (Doc 14). Neither of these submissions raise a triable issue of fact or otherwise warrant denying plaintiff's motion with respect to outstanding principal and interest under the note and guarantees.

[* 5]

4. Conclusion

Plaintiff's CPLR 3213 motion is granted in part, and plaintiff is awarded judgment in lieu of complaint for the outstanding principal amount owed ($1,685,193.40) together with prejudgment interest at the contractual rate of 5.5% from 9/10/21 until entry of judgment. The motion is denied with respect to late charges and attorneys' fees. The denial of attorneys' fees is without prejudice to a new motion.

The court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is

ORDERED that plaintiff's motion to renew (MS 02) is granted, absent opposition; and it is further

ORDERED that, upon renewal, the court vacates the 9/4/24 decision and order denying MS 01; and it is further

ORDERED that, upon renewal, plaintiff's motion for summary judgment in lieu of complaint (MS 01) is granted in part as set forth in this decision and order, and the Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $1,685,193.40, plus prejudgment interest at the contractual rate of 5.5% per annum from 9/10/21 until entry of judgment, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that there shall be no further motion practice without a pre-motion conference; and it is further

ORDERED that the Clerk is directed to mark this case disposed.

**10/31/2024**
**DATE**

MELISSA A. CRANE, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |