**Rabin v Big Fish Enters., LLC**

2024 NY Slip Op 34330(U)

December 6, 2024

Supreme Court, New York County

Docket Number: Index No. 651826/2024

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MELISSA A. CRANE          PART          60M

_Justice_

------------------------------------------------------------------X

ARTHUR RABIN, COOPER SQUARE RESTAURANT
HOLDINGS LLC

                              Plaintiff,

           - v -

BIG FISH ENTERPRISES, LLC,

                              Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651826/2024 |
| MOTION DATE | 04/09/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 13, 14, 16 were read on this motion to/for     JUDGMENT - SUMMARY IN LIEU OF COMPLAINT .

Upon the foregoing documents, it is

In Motion Seq. No. 02, plaintiffs Arthur Rabin (Rabin) and Cooper Square Restaurant Holdings, LLC (Cooper Square) moved for summary judgment in lieu of complaint against defendant, Big Fish Enterprises, LLC, (Big Fish). Plaintiffs' CPLR 3213 motion is unopposed as defendant has not appeared in this case nor submitted any opposition papers. Notably, the only correspondence defendant presented is the Stipulation of Adjournment (EDOC 14) and Stipulation regarding the Briefing Schedule (EDOC 15). Plaintiffs' unopposed motion for summary judgement in lieu of complaint is granted to the extent set forth in this decision and order.

## 1. Service

Plaintiffs and Defendant Big Fish Enterprises, LLC stipulated and agreed that Defendant would not assert any defense in this action based upon the sufficiency or insufficiency of service of process and waived any challenge to personal jurisdiction in this action based on service or improper service (Docs 12-16). Accordingly, plaintiffs adequately served this CPLR 3213

motion and there are no issues regarding the motion's return date (*see e.g. Quartix Fin. Inc. v KSH Brands LLC*, 2023 N.Y. Slip Op. 32453[U], 6-7 [N.Y. Sup Ct, New York County 2023], citing *Blue Lagoon, LLC v Reisman*, 214 AD3d 938, 941-42 [2d Dept 2023]).

### 2. Plaintiff's prima facie case

Pursuant to CPLR 3213, accelerated judgment is proper where the instrument sued upon is for the payment of money only and the right to payment can be ascertained from the face of the document without regard to extrinsic evidence, "other than simple proof of nonpayment or a similar de minimus deviation from the face of the document" (*Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]; *see Arbor-Myrtle Beach PE LLC v Frydman*, 2021 NY Slip Op. 30223[U], 2 [Sup Ct, NY County 2021], *affd* 2022 NY Slip Op. 00806 [1st Dept 2022]).

The same standards that apply to motions for summary judgment under CPLR 3212 apply to CPLR 3213 motions. Movant must make a prima facie case by submitting the instrument and evidence of the defendant's failure to make payments in accordance with the instrument's terms (*see Weissman*, 88 NY2d at 444; *Matas v Alpargatas S.A.I.C.*, 274 AD2d 327, 328 [1st Dept 2000]).

Here, the debt at issue stems from two promissory notes (together, the "Notes"). It is uncontested that the Notes exist and that they were executed by Defendant, including an unequivocal promise to repay. Pursuant to the First Note, Defendant, Big Fish, agreed to pay Plaintiff Rabin, $290,000 in twenty-six successive monthly $10,000 payments beginning on April 10, 2020 (Doc 4 [First Note]). These monthly payments would continue on the tenth day of each month until the maturity date, August 10, 2022 (Doc 4 [First Note]). Plaintiff's submissions establish that Defendant failed to pay the balance of the first note by the maturity date, having only made payments totaling $230,096 towards the principle sum of $290,00, resulting in of

651826/2024 RABIN, ARTHUR ET AL vs. BIG FISH ENTERPRISES, LLC Page 2 of 5
Motion No. 001

2 of 5

$59,904 still due and owing (EDOC 3 [Rabin aff.], ¶¶ 29-30; *see also* EDOC 6, p.2, [schedule of payments]).

Plaintiffs' "Schedule of Payments" (EDOC 6) demonstrates that defendant made partial payments towards the post-maturity outstanding principal sporadically from Fall 2022-Fall 2023 (*see id.*; *see also* Doc 3, ¶ 31 [explaining that the schedule reflects defendant's payments towards the first note debt]). However, defendant never repaid the first note balance in full. As such, plaintiff Rabin has established that defendant defaulted under the first note and owes plaintiff $59,904 in unpaid principal. Additionally, plaintiff is entitled to recover pre-judgement interest on the first note at the statutory rate from the first note's maturity date, 08/10/2022.

Regarding the Second Note, plaintiff establishes that Defendant agreed to pay Cooper Square $910,000 in ninety-one consecutive monthly $10,000 payments (EDOC 5, p.2 [Second Note]). These payments were to begin on September 10, 2022, and continue through the maturity date, March 10, 2030 (*id.*). Rabin, Cooper Square's owner, states that Defendant has not made any payments under the Second Note (EDOC 3, ¶ 32). The second note provides:

> "[u]pon (i) Payor's failure to pay any monthly installment or make any other payment in respect of this Note when due hereunder, . . . which failure is not fully remedied within 15 days after notice of such failure is given to Payor (the "Grace Period") . . . (each, an "Event of Default"), then Payee may, at its option to the maximum extent permitted by applicable law, accelerate the maturity of this Note, declare all principal and other charges (if any) payable hereunder to be immediately due and payable, and seek any and all other remedies available for the enforcement of this Note, at law, in equity or otherwise"

(EDOC 5, at p.2-3).

Plaintiff establishes that defendant defaulted under the second note by not making the initial monthly payment or the following monthly payments (EDOC 5 [Second Note], *see also* EDOC 3 [Rabin aff.], ¶8). However, Cooper Square did not send notice of the default until February 22, 2024. In plaintiffs' counsel's 2/22/24 letter, Cooper Square noticed these breaches

651826/2024 RABIN, ARTHUR ET AL vs. BIG FISH ENTERPRISES, LLC
Motion No. 001

Page 3 of 5

3 of 5

of the second note (EDOC 7 [notice of breaches]). Plaintiff establishes that defendant did not cure the breaches within the 15-day "Grace Period" under the second note, and plaintiff then accelerated all amounts due under the Second Note (*see* EDOC 5, pg. 2 ["EVENTS OF DEFAULT; REMEDIES"]). Thus, plaintiff Cooper Square has established that defendant defaulted on the second note and owes it $910,000 in principal, together with pre-judgement interest at the statutory rate from the acceleration date, 2/22/24. Although the initial breach occurred in September 2022, the second note requires notice and the 15-day opportunity to cure.

Lastly, both the first and second note contain a provision for the recovery of attorney's fees (see EDOC 4, p.3, and EDOC 5, p. 3, respectively). While plaintiffs may be entitled to attorneys' fees under the Notes, the court denies this portion of the motion because plaintiffs have not submitted any invoices to support an award for their reasonable attorneys' fees. Thus, the court cannot determine whether the requested fees are reasonable.

The court has considered plaintiffs' remaining arguments and finds them unavailing.

Accordingly, it is

**ORDERED** that the motion for summary judgment in lieu of complaint is granted in part, absent opposition, as set forth in this decision and order; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of plaintiff, Arthur Rabin, and against defendant, Big Fish Enterprises LLC, in the amount of $59,904, together with interest at the statutory rate from 8/10/22 until the date of this decision and order, as calculated by the Clerk, and thereafter at the statutory rate, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of plaintiff, Cooper Square Restaurant Holdings, LLC, and against defendant, Big Fish Enterprises LLC, in the amount of

651826/2024   RABIN, ARTHUR ET AL vs. BIG FISH ENTERPRISES, LLC
Motion No. 001

Page 4 of 5

4 of 5

[* 4]

$910,000, together with interest at the statutory rate from 2/22/24 until the date of this decision and order, as calculated by the Clerk, and thereafter at the statutory rate, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the part of the motion seeking to recover reasonable attorneys' fees is denied; and it is further

**ORDERED** that the Clerk is directed to mark this case disposed; and it is further

**ORDERED** that there shall be no further motion practice without a pre-motion conference with the court.

| | | |
|---|---|---|
| **12/6/2024** | | _____ |
| **DATE** | | MELISSA A. CRANE, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

651826/2024   RABIN, ARTHUR ET AL vs. BIG FISH ENTERPRISES, LLC
Page 5 of 5
Motion No. 001

5 of 5