Nozdrovicky v Multiviz Health Servs., Inc. (2025 NY Slip Op 04256)

Nozdrovicky v Multiviz Health Servs., Inc.

2025 NY Slip Op 04256

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-05859
 (Index No. 604369/16)

[*1]Catherine Nozdrovicky, respondent, 
v
Multiviz Health Services, Inc., et al., appellants.

Thorgood Law Firm, New York, NY (Shamsey T. Oloko of counsel), for appellants.
Robert S. Powers, Garden City, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered February 8, 2024. The order denied the defendants' motion, inter alia, pursuant to CPLR 5015(a) to vacate an order of the same court entered April 21, 2023, which, after an inquest on the issue of damages, directed the entry of a money judgment in favor of the plaintiff and against the defendants, and to set aside a money judgment of the same court dated May 2, 2023, in favor of the plaintiff and against the defendants in the total sum of $166,260.54.
ORDERED that the order entered February 8, 2024, is affirmed, with costs.
In June 2016, the plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract, based, in part, on allegations that the defendants "willfully failed to pay [her] all of her salary and additional payments due to her for [certain nursing services] performed" between 2010 and 2013. In or around January 2017, the defendants interposed an answer in which they admitted that the plaintiff was employed by the defendants from approximately 2010 through 2013. Thereafter, the defendants failed to timely comply with discovery demands, and the plaintiff twice moved to strike their answer on that ground. By order entered August 3, 2018, the Supreme Court, among other things, directed the defendants "provide any and all outstanding documents to [the] plaintiff on or before September 26, 2018," under penalty of striking pleadings pursuant to CPLR 3126(3).
In December 2022, the plaintiff again moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answer and for an inquest on the issue of damages, contending, among other things, that the defendants failed to comply with the order entered August 3, 2018. The defendants did not oppose the motion. By order entered January 20, 2023, the court, inter alia, granted those branches of the plaintiff's motion. An inquest was held on April 5, 2023, but the defendants did not appear. By order entered April 21, 2023, the court directed the entry of a money judgment in favor of the plaintiff and against the defendants. On May 2, 2023, a money judgment was issued in favor of the plaintiff and against the defendants in the total sum of $166,260.54.
Thereafter, the defendants moved, inter alia, pursuant to CPLR 5015(a) to vacate the order entered April 21, 2023, and to set aside the money judgment. By order entered February 8, [*2]2024, the Supreme Court denied the motion. The defendants appeal
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . lack of jurisdiction to render the judgment or order." CPLR 5015(a)(4) "is designed to preserve objections so fundamental to the power of adjudication of a court that they survive even a final judgment or order" (Lacks v Lacks, 41 NY2d 71, 74-75; see Blue Lagoon, LLC v Reisman, 214 AD3d 938, 940). The scope of CPLR 5015(a)(4) includes lack of subject matter jurisdiction, lack of personal jurisdiction, and improper service of a motion (see Blue Lagoon, LLC v Reisman, 214 AD3d at 940). Here, contrary to the defendants' contention, their allegation that this action "name[d] and was served on the wrong party defendant" is not an objection "so fundamental to the power of adjudication of a court that [it would] survive even a final judgment or order" (Lacks v Lacks, 41 NY2d at 74-75; see Blue Lagoon, LLC v Reisman, 214 AD3d at 940), and they provide no other reason that the Supreme Court lacked jurisdiction.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court